ORR et al, Respondents, v. NATIONAL FIRE INS. CO. OF HARTFORD, CONNECTICUT, Appellant.

(219 N. W. 119.)

(File No. 6052. Opinion filed April 10, 1928.)

For former opinion, see 50 S. D. 519, 210 N. W. 744.

*Cherry & Davenport,* of Sioux Falls, for appellant.

*Gardner & Churchill,* of Huron, and *Charles R. Hatch,* of Wessington Springs, for Respondents.

POLLEY, J. This case is here on rehearing. The opinion of the court on the former hearing is reported in 50 S. D. 519, 210 N. W. at page 744. In defendant's petition for a rehearing no

complaint is made of our disposition of its first defense, to wit, that the policy sued upon had lapsed prior to the loss because of plaintiff's nonpayment of the premium. But in our consideration of the question of "proof of loss," we said:

"Under its second defense appellant contends that plaintiff failed to file a proof of loss such as is provided for in the policy. Within a short time after the storm that damaged plaintiff's property, he went to defendant's local agent from whom he procured the policy and told him about the loss. The agent prepared a statement of the facts relative to the damage as narrated by plaintiff. This was signed by plaintiff and by the agent, who said he would forward it to the defendant. Defendant treated it as a proof of loss and denied any liability on the policy. After the suit was started, and after the time for filing proof of loss had expired, defendant for the first time questioned the sufficiency of the claim filed by plaintiff as a proof of loss."

This statement was made under a misconception of the evidence. The evidence does not show that defendant treated this claim as a proof of loss, or that it paid any attention to it whatever. It did not so much as acknowledge receipt of it.

Just what this statement contained is not shown by the record. Plaintiff claims that it contained sufficient facts to constitute a proof of loss as provided by section 9199, R. C. 1919, except that it was not verified, while defendant contends that it was merely a notice of loss and purported to be nothing more than that. This document was not produced at the trial, and its absence was the occasion for some quibbling on the part of defendant. In defendant's brief on the rehearing is this statement:

"This document was not shown to have reached the company."

But in the next sentence defendant says:

"As we relied upon the trial on failure to furnish notice of loss, and as the issue on the trial was waiver of proof of loss, with no contention that proof of loss had been made, this paper was not produced."

This concession leaves no doubt that "this document" did reach the company.

Whether this document contained all the facts necessary to constitute a proof of loss under the provisions of section 9199,

it is not necessary to determine. It is admitted that it was not verified; therefore, it was not sufficient as a proof of loss. But it is contended by plaintiff that defendant, by its conduct prior to the loss, waived proof of loss, and that it is immaterial whether the document in question was sufficient to comply with the provisions of section 9199. This contention is based upon the fact that the defendant had repudiated the contract and denied all liability on the policy prior to the loss.

After plaintiff defaulted in the payment of the first note to become due, defendant notified plaintiff that his policy was in a state of suspension, and that if he should meet with a loss the company "would deny liability on the policy," and "would absolutely refuse to pay your claim." This or a similar notice was sent to plaintiff repeatedly prior to the loss. From these declarations it is clear that defendant did not consider itself liable on said policy and did not intend to pay any loss that might occur, and it was wholly immaterial whether plaintiff furnished a notice of loss or proof of loss.

Where the conduct of the insurer is such as to render the furnishing of proofs of loss unavailing or impossible, they are deemed waived. 33 C. J. 25; Bank of Anderson v. Home Ins. Co., 14 Cal. App. 208, 111 P. 507.

"If the company denies liability for a loss, and refuses to pay it either for that or other reason, placing its refusal on a definite ground other than want of proofs of loss or a defect in their form or substance, it waives the right to insist on the failure to make a requisite proof as a defense to an action on the policy." 33 C. J. 32, and cases cited.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.