WOODBINE SAVINGS BANK, Respondent, v. YAGER, Appellant.

(237 N. W. 761.)

(File No. 6973. Opinion filed August 3, 1931.)

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*W. H. Beckman,* of Redfield, for Respondent.

ROBERTS, J. The garnishee defendant is the administrator of the estate of Henry Yager, deceased. The garnishee filed an

answer, stating that he was the administrator of such estate; that defendant Ben Yager was one of the heirs; that the time for filing claims therein would not expire for a period of six months, and that as administrator he had no knowledge as to the amount owing to creditors from the estate and could not determine the amount that would be distributed to the heirs; and that the property of the estate therefore was not subject to garnishment. The plaintiff elected to take issue on the answer. The trial court made findings and entered judgment for the plaintiff in the garnishment proceedings, and the garnishee defendant appeals from such judgment.

The question for determination is whether property in the possession of an executor or administrator is subject to garnishment in an action against an heir or devisee, before the county court has made a decree of distribution.

Section 2460, Rev. Code 1919, provides that a garnishee defendant who denies liability may serve and file an answer substantially in the form therein provided which in part reads: "E. F., being duly sworn, says that on the ——— day of ———, 19———, he was served with a garnishee summons in the above entitled action; that he was then and is now in no manner and upon no account whatever indebted or under liability to the defendant (naming him), and that he then had and now has in his possession or under his control, no real estate and no personal property, effects or credits of any description whatever, belonging to said defendant or in which he has any interest; and is in no manner liable as garnishee in this action."

Section 2461, Rev. Code 1919, is as follows:

"Unless the garnishee shall make the affidavit provided for in the preceding section, he shall within thirty days from the service of the garnishee summons file and serve in like manner an affidavit in which he shall state :-

"1. Whether he was at the time of service of the garnishee summons, or has since become, indebted or under any liability to the defendant named in the garnishee summons, in any manner, upon any account, specifying, if indebted or liable, the amount, the interest thereon, the manner in which evidenced, when payable, whether an absolute or contingent liability and all the facts and circumstances necessary to a complete understanding of such indebtedness or liability. When the garnishee shall be in doubt

respecting any such liability or indebtedness, he may set forth all the facts and circumstances concerning the same and submit the question to the court. * * * "

And section 2464, Rev. Code 1919, provides: "The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within thirty days serve upon the garnishee a notice, in writing, that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed a complaint and the garnishee's affidavit an answer thereto. The plaintiff may in all cases move the court upon the answer of the garnishee and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answers."

█ The liability of a garnishee defendant under the above provisions of statute is determined with reference to the time of service of the garnishee summons and thereafter until the garnishee defendant makes answer. 28 C. J. 243 and 315; Smith v. B., C. & M. R. R. et al., 33 N. H. 337; Island Pond National Bank v. Chase, 101 Vt. 60, 141 A. 474, 59 A. L. R. 766.

█ In the absence of statutory provision to the contrary, the funds and properties of an estate held by an executor or administrator cannot be reached by garnishment proceedings prior to a decree of distribution according to the great weight of authority. 12 R. C. L. 814; 28 C. J. 77; see, also, note 59 A. L. R. 768. We have no statute which alters the rule; that is, the institution of garnishment proceedings against executors and administrators is not expressly authorized by statute.

The right of an heir or devisee to share in the property of an estate is contingent upon their being a balance in the possession of an executor or administrator for distribution after payment of all debts and expenses of administration properly chargeable against the estate. Until a decree of distribution is made, the heir or devisee has no present right to the property of the estate after entry of decree of distribution, each share is finally and definitely determined, and a cause of action arises therefor in favor of an heir or devisee. Previous to the entry of such decree, the claim of an heir or devisee is dependent upon a contingency within the contemplation of subdi-

vision 4 of section 2471, Rev. Code 1919, which provides that no judgment can be rendered against a garnishee defendant upon a liability arising "by reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant it shall have become due absolutely and without depending on any future contingency; but judgment may be given for any money or other thing owing after it shall have become due absolutely and without depending on any contingency."

The administrator, therefore, was not liable in garnishment at the time of service of garnishee summons or thereafter until answer was made.

The judgment appealed from is reversed, with directions to the trial court to dismiss the garnishment proceedings.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.