BESSIE GLICK, ADMINISTRATRIX, APPELLEE, V. STATE AUTOMOBILE INSURANCE ASSOCIATION, APPELLANT.

FILED JUNE 8, 1934. No. 28979.

*Chambers & Holland, Allen & Requartte* and *George B. Boland,* for appellant.

*Richard F. Stout, Herbert W. Baird* and *Frederick J. Patz, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

LESLIE, District Judge.

This action is an appeal from answer of defendant as garnishee in the case of Glick v. Poska, in the district court for Lancaster county.

Plaintiff alleges that on the 8th day of April, 1930, she commenced an action in the district court for Lancaster county against one Bert Poska for recovery of damages for the wrongful death of her husband, Clarence T. Glick, in an automobile accident in Lincoln, March 3, 1930; that judgment was entered in favor of plaintiff December 17, 1930; that defendant appealed therefrom to this court without supersedeas bond; that subsequently execution issued and was returned unsatisfied; that, while said case was pending in the supreme court, garnishment issued against defendant insurance association, and that it made answer that it issued a policy of liability insurance to the defendant Poska, but that it had no property, credits, or assets in its possession belonging to said judgment debtor. From this answer plaintiff appealed, and in her petition alleged that defendant garnishee was at said time indebted to said judgment debtor in the sum of $10,000 on account of its contract of insurance issued to said debtor.

Defendant, by its answer to plaintiff's amended petition, admits that it issued a policy of liability insurance to Poska, and that the plaintiff recovered judgment against him in the sum of $11,000 for the accidental death of her husband in an automobile accident; that an appeal was taken from said judgment to the supreme court by said

defendant Poska; that no supersedeas bond was filed, and that, while said case was pending on appeal in the supreme court, garnishment summons was served upon the defendant, and its answer was that it had no property in its possession belonging to the said Poska.

For further answer the defendant alleges that plaintiff is not entitled to recover under the terms of its policy issued to said judgment debtor, Poska.

Defendant alleges also that on the 5th day of May, 1931, the said Poska filed suit in the district court for Lancaster county against defendant insurance association for reformation of policy; that said cause was removed to the United States district court, Lincoln division, and that it was determined by said court on the 14th day of March, 1932, that the said Poska was not entitled to reformation of the policy of liability insurance; that the judgment in said cause has not been reversed, but that an appeal has been taken by said Poska to the United States circuit court of appeals, and is still pending.

Trial was had to a jury and verdict was for the plaintiff in the sum of $11,662.66. Subsequently the court, on motion of plaintiff, allowed her attorneys a fee of $1,400, to be taxed as part of the costs. From this judgment defendant appealed to this court.

Numerous assignments of error are relied upon by the defendant for reversal of the judgment. These assignments have been carefully reviewed by the court, but it is only necessary to discuss (1) the legal effect upon this case of the pendency of the proceeding in the federal court; (2) the provisions of the policy which it is contended by the defendant insurance association precludes plaintiff from maintaining this action; and (3) the sufficiency of the evidence.

We shall consider first the legal effect of the proceeding pending in the United States district court. In that case the judgment debtor, Poska, brought suit in equity against this defendant in the United States district court to reform the policy to conform to the alleged

oral understanding of the parties as to what the terms of the policy were to be as to the extent of coverage. Poska contended in his petition that he made application to the agent of defendant insurance association for a policy that would indemnify him against loss by any person not employed by the assured from accidents occurring by reason of the operation of any automobile owned by the said plaintiff and while used for business or pleasure purposes; that the defendant insurance association, through its agent, agreed to write such a policy, and at the time of the delivery of the policy in question to Poska gave ·him assurances that by the terms thereof he was given general coverage, regardless of whether insured was using the automobile in connection with his business or otherwise.

By the language of the policy the judgment debtor was given only limited coverage, the policy reading that the assured is indemnified "against loss from liability * * * from accidents occurring while this policy is in force and caused by reason of the * * * operation * * * or use of any automobile * * * incidental to and necessary in the conduct of the business of the assured." The United States district court found that the evidence did not justify reformation of the policy, and plaintiff's bill was dismissed. An appeal, however, was taken to the United States circuit court of appeals. Plaintiff Glick, Administratrix, was not a party to these proceedings in the United States courts; but, quite apart from this, in the instant case judgment was rendered in the district court for Lancaster county before the case of Poska v. State Automobile Insurance Association was filed in the United States district court. In the proceeding in the United States district court it was sought merely to reform the policy to conform to what the insured claims was the oral agreement as to the extent of protection the insured judgment debtor would have under the policy. In the instant case the trial court submitted to the jury, by appropriate instructions, whether at the time of the accident the in-

sured was using the car incidental to the conduct of his business, and also the following special interrogatories:

"Was Bert Poska driving his automobile at the time of the accident * * * on business incidental to the conduct of the garage business? Answer: Yes."

"Did Bert Poska and * * * the agent of the defendant * * * definitely * * * agree that the policy of insurance * * * should insure Bert Poska while operating automobiles for pleasure? Answer: No."

Clearly the case in the federal court could not, by the application of any known rule of law, have any bearing upon the instant case. If the court, instead of refusing to reform the contract, had reformed it, and the trial had been had in the state court subsequent instead of prior to such reformation, the status of the parties in the instant case would not have been changed in the least, and the case would have been submitted upon the same issues and instructions. Defendant concedes that, if the car was being used by insured at the time of the accident in connection with the business of his garage, defendant would be liable. The jury specifically found that the automobile was being so used by insured, and their verdict was for plaintiff upon that theory. The judgment against the insured not having been superseded, and execution against judgment debtor having been returned unsatisfied, plaintiff was entitled, so far as the pendency of any other litigation was concerned, to maintain this action against the insurance association.

We will next consider the provision of the policy which defendant urges in support of its contention that plaintiff cannot maintain this action. It is, in substance, as follows:

"In the event a suit or other proceeding at law or in equity shall be begun * * * under or by virtue of this contract, such suit or proceeding shall be brought only against the Automobile Underwriters of Des Moines, Iowa, attorney in fact, * * * but no suit or proceeding shall be begun or maintained, however, unless said attorney

in fact shall have heretofore been given ten days' notice in writing of the intention to bring such suit or proceeding under this contract."

Defendant contends that this action is not maintainable against the defendant because of this provision of the policy. Whether this provision of the policy is enforceable as between the assured and the insurance association, it is not necessary to determine. Obviously, it is not binding on a judgment creditor in a proceeding of this character. To hold to the contrary would be to say that the insurance association and the insured could by agreement between themselves limit or regulate the manner by which funds belonging to the judgment debtor, in possession of the defendant, could be attached.

The only other assignment of error which we need discuss is the sufficiency of the evidence. The deceased was employed as a switchman by the Burlington Railroad Company at Lincoln. On the night of the accident resulting in his death, he was at home until 10 o'clock on account of a party that was being given in honor of the anniversary of the marriage of deceased and his wife. Poska was in attendance at the gathering. About 10 o'clock deceased was called to report for service. Bessie Glick, wife of deceased, testified as follows: "Q. Mrs. Glick, do you recall the evening that this fatal accident occurred? A. Yes, sir. * * * Q. What is the fact whether Bert Poska was there that evening? A. He was. * * * Q. Mrs. Glick, what is the fact as to whether * * * your * * * husband * * * had been negotiating with anybody for the purchase of an automobile? A. He had. Q. With whom? A. With Mr. Poska. * * * Q. And over what period of time? A. Oh, for two or three months, I should say. * * * Q. When do you recall the first time that you heard any conversation between Bert Poska and your husband with reference to the purchase of an automobile? A. Soon after we received a judgment for his accident. * * * Q. Mrs. Glick, did you have other conversations or were you present at other conversations with Mr. Poska

and your husband with reference to the purchase of an automobile? A. Yes, sir; I was. Q. And when did that occur? A. Oh, at numerous times, and especially that night. * * * Q. Go ahead and state the conversations you were present at and heard. * * * A. I was in the kitchen preparing my husband's lunch. Mr. Poska came out to the kitchen for a drink, and he and my husband started talking about this car, and he turned to me and says, 'I am going to sell your husband a car to-night.' My husband said, 'How about the knock that was in it yesterday?' And Mr. Poska said that he had that taken care of that very day and he would show him that night. And I argued with them; I didn't want my husband to put up that much money into the car, and before he left the kitchen I told him I didn't want him to." Other witnesses testified to hearing the deceased, Poska and Mrs. Glick talking. Poska testified that he had, prior to the night of the accident, been trying to sell the car he was driving that night to Glick. He denied, however, that he had talked to him about the matter that evening. He also testified that Glick, who was a brother-in-law, asked him to take him to the station or the yards, but denied that anything was said between them after leaving the house relative to the car. We think the cause was properly submitted to the jury for its determination, and that the evidence is sufficient to sustain the verdict.

A fee of $400 will be allowed attorneys for appellee for services rendered in this court, and the amount allowed by the trial court for services rendered there will not be disturbed.

Finding no error in the record, the judgment of the trial court is

AFFIRMED.