### WILSON *v.* MARSHALL.

1. Garnishment—Recovery from Garnishee by Plaintiff Dependent on That by Principal.

A plaintiff's right to recover from a garnishee defendant is dependent on the principal defendant's right so to recover.

2. INSURANCE—AMBIGUITIES—CONSTRUCTION OF POLICIES.

Ambiguities, if any, in an insurance policy written by the insurer, must be construed against the insurer.

3. SAME—FREIGHT CARRIER—OMNIBUS CLAUSE—INDEPENDENT CONTRACTOR—PUBLIC LIABILITY AND PROPERTY DAMAGE.

Independent contractor who hauled freight for carrier by motor vehicle under certificate issued by public utilities commission *held*, within classification of "named assured" in public liability and property damage insurance policy, indorsed by commission to show coverage of all vehicles operated under its certificate, enabling recovery through garnishment proceedings by plaintiff who suffered personal injuries and property damage in collision with independent contractor and secured judgment therefor against him.

Appeal from Wayne; Campbell (Allan), J. Submitted June 9, 1936. (Docket No. 109, Calendar No. 38,989.) Decided November 9, 1936.

Garnishment proceedings by George P. Wilson against Frank Marshall, principal defendant, and Central Mutual Insurance Company of Chicago, garnishee defendant, on an insurance policy. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Harold W. Geddes,* for plaintiff.

*Freedman & Drexelius* (*Harold Helper,* of counsel), for garnishee defendant.

TOY, J. This cause is before us on appeal on an agreed statement of facts, as follows:

"On December 28, 1934, the Central Mutual Insurance Company of Chicago issued its policy X84796 to Earl C. Smith, Inc., and/or Earl C. Smith and/or its corporate officers, insuring them against loss and liability imposed by law for damage on account of bodily injury or property damage caused by or through the ownership, maintenance or operation of

any automobile described in the schedule referred to in said policy, which policy is plaintiff's Exhibit 'A' and contained an indorsement thereon as follows:

" 'The term "named assured" shall be construed to include the interests of the owners and operators of hired trucks, tractors, trailers and/or semi-trailers and/or independent contractors, but only while such commercial trucks, tractors, trailers and/or semi-trailers are being operated in the interest of or under contract to the "named assured." ' '

"This policy was issued on a gross receipt basis, that is, the premium was determined by a percentage of the gross earnings received by Earl C. Smith, Inc., for freight hauled by its hired equipment.

"The policy also contained an indorsement pursuant to rule No. 19 of the Michigan public utilities commission rules and regulations as follows:

" 'The policy to which this indorsement is attached shall cover all vehicles operated by the policy holder under the authority of the certificate or permit duly issued by the commission. Such coverage shall obtain regardless of whether or not such vehicles are properly described in the policy and shall also cover vehicles operated under the special provisions of rule No. 32 regarding special emergency equipment.'

"No policy was ever issued to Frank Marshall and he did not pay any premium to the Central Mutual Insurance Company of Chicago. The premium was paid by Earl C. Smith, Inc.

"On July 23, 1935, Frank Marshall, as an independent contractor, was hauling freight in his own tractor and trailer for Earl C. Smith, Inc., by virtue of authority granted to Earl C. Smith, Inc., by the Michigan public utilities commission. On that date Frank Marshall, while operating his equipment, was involved in a collision at the intersection of Eight Mile and Dequindre roads in Oakland county, with a Chevrolet automobile owned and operated by George P. Wilson, and the latter suffered personal injuries and his automobile was damaged. On this date the policy aforementioned was in full force and effect.

"George P. Wilson commenced suit against Earl C. Smith, Inc., in the common pleas court for the city of Detroit, for damages arising out of the collision aforesaid, and recovered a judgment, but upon appeal to the circuit court for the county of Wayne, the judgment was reversed and a judgment of no cause of action was entered in favor of Earl C. Smith, Inc., because Frank Marshall was an independent contractor at the time of the collision. In this suit Earl C. Smith, Inc., was represented by Freedman & Drexelius, its attorneys.

"Thereafter George P. Wilson commenced suit in the common pleas court for the city of Detroit against Frank Marshall for damages arising out of the collision aforesaid. In this suit George P. Wilson recovered a judgment against Frank Marshall in the sum of $500 and $11.20 costs. Frank Marshall was represented by Freedman & Drexelius, his attorneys. This is the judgment in the principal case and is unpaid.

"At the close of the testimony, plaintiff made a motion for a judgment in his favor, and the garnishee defendant made a motion for judgment in its favor."

The court rendered judgment in favor of plaintiff against the said garnishee defendant in the sum of $500 and costs, from which the garnishee defendant appeals.

Counsel for appellant contend in their brief, that plaintiff's claim, if any, is "only a derivative claim and he can only enforce such right of action against the insurance company (garnishee defendant) as Frank Marshall (principal defendant) could have enforced." This contention is based upon our holding in *Musser* v. *Ricks*, 271 Mich. 174, where we said:

"Plaintiff's right to recover against the garnishee defendant is dependent on the principal defendant's right to so recover."

Appellant then contends that Frank Marshall (defendant) has no claim against the insurer (garnishee defendant) because there is no privity of contract between Marshall and the insurance company—that the insurance contract is between Earl C. Smith, Inc., and the insurance company—and, to quote appellant's counsel, "under the settled law of Michigan, Frank Marshall cannot bring an action at law against" the insurance company. Counsel cite as authority for its contention the cases of *Tapert* v. *Schultz,* 252 Mich. 39; *Linneman* v. *Estate of Moross,* 98 Mich. 178 (39 Am. St. Rep. 528); and cases therein cited. A reading of these cases clearly shows them not to be applicable to the cause before us. No insurance contracts were there involved nor did the court have before it contract provisions similar to that now here. Here we have involved a policy of insurance wherein is contained an "omnibus clause" designating as additional assured or "named assured" the "owners and operators of hired trucks, * * * and/or independent contractors." Marshall, the principal defendant, comes within such designation, and is therefore within the coverage of the policy. The courts of this country have with consistent unanimity upheld the right of such persons covered by an "omnibus clause" in automobile insurance policies to the protection and benefits of such policy.

In *Peterson* v. *Maloney (Maryland Casualty Co.,* garnishee) 181 Minn. 437 (232 N. W. 790), it was held that one injured, after obtaining judgment against one covered by an "omnibus clause" of an automobile insurance policy, may proceed by garnishment against the insurer.

In speaking of such coverage, the court in *Ocean Accident & Guarantee Corp.* v. *Bear,* 220 Ala. 491 (125 South. 676), said:

"The additional assured or omnibus clause covers a group of persons who may or may not have an insurable interest at the time the policy is written. If within the defined group, it is sufficient that at the time of the accident such person is in position to become legally liable for injury to others."

In *Bachman* v. *Independence Indemnity Co.*, 214 Cal. 529 (6 Pac. [2d] 943), the court, in commenting upon a somewhat analogous omnibus clause, said:

"Broader language could hardly have been used in the policy. If the insurer desired to place any limitations upon its liability to cover this situation, it had the opportunity to do so. Having prepared its policy, any ambiguity, if one exists, must be construed against the company." (Citing cases.)

See, also, *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301 (8 S. W. [2d] 473, 72 A. L. R. 1368); *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369 (125 Atl. 866, 41 A. L. R. 500); *Fried* v. *London Guarantee & Accident Co.*, 136 Misc. 740 (242 N. Y. Supp. 60); *Holton* v. *Eagle Indemnity Co.*, 196 N. C. 348 (145 S. E. 679); *American Automobile Ins. Co.* v. *Cone* (Tex. Civ. App.), 257 S. W. 961; *Francis* v. *London Guarantee & Accident Co.*, 100 Vt. 425 (138 Atl. 780). Many other cases might be cited recognizing the right of persons covered by such omnibus provisions to the protection of the policies, and their right to recover thereunder, but we think it sufficient to refer to the annotations contained in 72 A. L. R. 1375 *et seq.*, and 41 A. L. R. 507 *et seq.*, where a great number of such cases are collected.

Finding ourselves in accord with this line of decisions, we hold, in the instant case, that the principal defendant, Marshall, was covered by the omnibus provision of the policy here involved, and therefore

entitled to its protection and benefits. It is such a right that could be enforced by Marshall in an action at law, and therefore the subject of garnishment.

The judgment of the circuit court is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.