MURPHY, Appellant, v. HOPKINS, et al, Respondents

(4 N. W. 2d 801.)

(File No. 8498. Opinion filed July 3, 1942.)

**Hanten & Henrikson,** of Watertown, for Appellant.

**Perry F. Loucks** and **Alan L. Austin,** both of Watertown, for Respondent.

ROBERTS, J.   The State Automobile Insurance Association, Des Moines, Iowa, issued to Willa Mall (now Hopkins) its policy of insurance indemnifying the assured within limits not here material against liability for bodily injuries and property damage to others "due to the ownership, maintenance or use of any automobile" described in the policy.   The policy contained the following provisions:

"Upon the occurrence of an accident covered by this contract involving injury and/or death to persons or damage to the property of others, the Assured shall as soon as practicable give written notice thereof, with the fullest information obtainable at the time, to the Attorney * * *. The Assured shall at all times render the Association all co-operation in his power.

"If suit is brought against the Assured to enforce a

claim for damages covered by this contract he shall immediately forward to the Attorney every summons, or other process, as soon as the same shall have been served on him; and the Association will defend such suit in the name and on behalf of the Assured and pay all costs taxed against the Assured in any legal proceeding against the Assured, which is defended by the Association in accordance with this contract; and will pay interest accruing upon that part of any judgment rendered in connection therewith, which is not in excess of the policy limits, but only such interest as shall accrue after entry of judgment and up to the date of payment by the Association of its share of such judgment. However, any such defense shall not be deemed an assumption of liability by the Association under this contract and shall not act as a waiver of any of the rights of the Association hereunder. The Assured, whenever requested by the Attorney, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the Assured shall not voluntarily assume any liability or interfere in any negotiation for settlement or in any legal proceeding, or incur any expense or settle any claim, except at his own cost, without the written consent of the Attorney, previously given; except that as respects liability for personal injuries covered hereunder, the Assured may provide at the Association's expense such medical or surgical relief as is imperative at the time of the accident."

Plaintiff commenced this action against the assured and Dwight Rice to recover damages for personal injuries and property damage resulting from a collision between the automobile driven by plaintiff and the automobile covered by the insurance policy while being driven by Dwight Rice and in which assured was riding. The attorneys for the insurer prepared and interposed separate answers alleging that if plaintiff sustained injuries and damage they were the result of the carelessness and negligence of the plaintiff and the answer of Willa Mall contained a counterclaim for personal injuries and property damage. Because of claimed unwillingness of the defendants to co-operate in the defense

of the action, counsel for the insurer gave notice that the insurer disclaimed any liability and withdrew from the case. Plaintiff recovered judgment.

Plaintiff thereafter caused garnishee summons, naming the State Automobile Insurance Association as garnishee, to be issued and served. The garnishee answered setting forth at length provisions of the policy of insurance and a recital of the acts of the defendants in the interval between the accident and time of trial, and because of claimed unwillingness of the defendants to co-operate disclaimed liability. .

The court found that each of the defendants shortly after the accident made a sworn statement indicating that they were not responsible for the accident; that after the commencement of the action each of the defendants verified an answer stating a complete defense; that defendant Willa Mall, employed as a school teacher in Watertown, advised the attorneys for the insurer that she contemplated being married at the end of the school year and would not continue her residence in Codington County wherein the action had been commenced; that the attorneys for the insurer after communicating with the garnishee defendant notified her that the insurer deemed it necessary that she be present for the trial of the action in compliance with the terms and conditions of her policy; that following her marriage the assured, without informing insurer or its attorney of the new address that she expected to have or offering to have her testimony taken, went to the State of Washington; that the defendant Rice without notice to counsel went to Danville, Iowa, and on being notified that the action would be reached for trial on July 19, 1938, refused to return to Watertown, this state; that the attorneys for the insurer were unable to find witnesses to the collision other than plaintiff and defendants; that the attorneys for insurer on August 26, 1938, wrote to each of the defendants advising them that the action would come on for trial at the term of court commencing on November 8, 1938, having been postponed to that date because of the failure of defendants to appear at the July term, and that unless they returned to Watertown for trial counsel would withdraw from the case

and that the insurer would assume no further responsibility for defense of the action and would not be liable for the payment of any judgment which might be entered in the action; that counsel notified each of the defendants on November 8, 1938, that the case had been set for trial on November 15, 1938, and again advised defendants of the position of the insurer; that defendant Willa Mall under date of November 9, 1938, communicated with the attorneys for the insurer stating that she had offered to have a deposition taken before leaving the state, which the court found to be untrue, and that she had advised the insurer that she would not be present at the trial; that the defendant Rice made no reply to the letter written to him in November; that defendants made no demand for the payment of their expenses to Watertown for the purpose of attending the trial; and that the refusal of the defendants to co-operate vitiated the policy of insurance. Judgment was subsequently rendered dismissing the garnishment proceedings. This appeal followed.

The ground urged by plaintiff for reversal of the judgment in garnishment is that the facts do not show such want of cooperation by the assured as to avoid the policy of insurance and defeat recovery by an injured third party.

██ Provisions in a policy of insurance requiring the assistance and co-operation of the assured in a defense of an action against him are material provisions of the policy, the violation of which by the assured forfeits his rights under the policy in the absence of waiver or estoppel. Ziegler v. Ryan (Citizens Fund Mutual Fire Insurance Co. of Red Wing, Minn., et al., Garnishees), 66 S. D. 491, 285 N. W. 875. Since a plaintiff in garnishment proceedings has no right superior to that of his judgment creditor (SDC 37.2801 as amended by Chap. 143, Laws 1939, 37.2807; Bank of Centerville v. Gelhaus, 60 S. D. 31, 242 N. W. 642, 83 A. L. R. 1380), it follows that an assured's breach of co-operative provisions in a policy of insurance is available to the insurer against the injured third person to the same extent that it would be available against the assured. Cases considering the obligations of an assured as regards co-operation and

assistance in resisting claims against him are collected in annotations in 72 A. L. R. 1448 and 98 A. L. R. 1465.

The facts are not in a serious dispute except as to whether assured offered to have her deposition taken before leaving Watertown. There is a direct conflict on this point. The conflict was resolved in favor of insurer by the trial court and cannot be disturbed on appeal. It is not claimed that assured before leaving Watertown failed in any manner to co-operate. She signed a sworn statement detailing the circumstances of the accident and giving her version of responsibility for the accident and verified the answer interposed. It is not contended that assured breached the policy because she left the state. While she did not notify the insurer or its attorneys of an address where she could be reached after departing from the state, her address in fact was ascertained several weeks before the November term of court and attorneys for the insurer were in communication with her. The facts do not present a situation where an insurer faced with an impending trial was because of assured's conduct unable after diligent inquiry to contact assured. In a letter written November 9, 1938, to insurer's attorney, the assured stated: "In regard to the case of Murphy vs Mall, may I say that before I left Watertown, I offered to have a deposition of my testimony taken, but this was refused. And at the present time, financial conditions make a trip to South Dakota impossible. This case has been postponed previously and I see no reason why such a thing can not be done again." In a letter written to the insurer on the same date, she advised the association that she could not be present at the trial because of "financial conditions." The attorneys made reply on November 12 to her letter, but made no tender of expenses to enable her to come to the trial.

Plaintiff cites and relies upon George v. Employers' Liability Assur. Corporation, Limited, of London, England, et al., 219 Ala. 307, 122 So. 175, 176, 72 A. L. R. 1438. The court in this case, considering similar facts, said:

"If the assured in the ordinary pursuits of his business, and not to evade his duty to the insurer, removed to another

city, away from the process of the court, but did not fail to give insurer such information as he possessed, nor to render aid in getting up evidence, when called upon, and did not refuse to testify, but merely failed to come to court at his own expense, when there were numerous persons known to the insurer who had the opportunity to know and testify to what assured knew, and when the policy provides that insurer shall defend the suit at its own cost, he is not thereby in default of his duty in co-operation. There was no tender of expenses by the insurer. It is not claimed that there was a want of co-operation before assured left the city of Birmingham. He should have given his address to insurer before leaving, but the insurer ascertained his address in time to communicate with him before the trial and take his deposition if desirable. The case was set for January 6, 1926, insured ascertained his address early in December before, and wrote him by registered mail December 21st. The letter requested his return to aid in the defense. It did not offer to pay his expenses. No effort was made to take his deposition, nor offer to do so, nor reason assigned for not doing so. The record does not show any lack of information desired by insurer, but only advised him it was necessary for him to be present at the trial, in default of which they proposed to annul the policy."

In Lienhard et al. v. Northwestern Mutual Fire Association et al., 187 Wash. 47, 59 P.2d 916, 919, where the assured notified the insurer of the accident and then left the state in the ordinary pursuit of his employment, it was held that a clause which provided for co-operation was not breached by the insured when he failed to attend the trial at his own expense. The court said:

'The appellants were compensated for the risk assumed in the policy and for the services agreed to be given in investigating the case and in defending any suit brought to recover damages. This obligation included any expenses incurred in procuring the necessary attendance of witnesses. It would be imposing an undue hardship on an insured, who had paid for protection, to require that, notwithstanding the necessities of his employment, he should remain in the place

where sued awaiting the trial of his case. It will be noted that while the appellants informed Marston by wire that they would pay his own expenses but not his wife's, they made no tender of the expenses to enable him to come, should he lack ready funds. In his letter of January 12, Marston requested to know if his wife was made a party to the action. To this, appellants' attorneys answered that she was a party, and that it would be necessary to interpose a defense in her behalf. It would not be wholly unreasonable for Marston, unfamiliar with the law, to assume that his wife's presence would be necessary and to expect that her expenses, as well as his own, would be provided."

In Medical Protective Co. v. Light, 48 Ohio App. 508, 194 N. E. 446, 448, the policy involved contained a clause wherein the assured agreed to "attend, assist, and co-operate in the preparation and defense of any claim or suit filed" against him without charge to the company and also contained a provision wherein the insurer agreed to assume the defense of all suits "at the company's own costs and expense." The court construed the provisions of the policy to obligate the insurer to pay necessary traveling expenses and held that the failure of the assured who was then residing in another state to return to the state wherein the action was pending to attend the trial at his own expense did not breach the terms of the policy, he having informed the insurer that it was a financial impossibility for him to return at his own expense.

█ It is claimed that under the terms of the policy the insurer was liable for payment of "all costs taxed against the assured" and not for expenses of defending an action. We think that the obligation of defending any suit to enforce a claim covered by the policy against the assured and the obligation to pay costs taxed against her are severable and independent. The policy in our opinion obligated the insurer to pay necessary expenses of defending such an action and this included expenses incurred in procuring the necessary attendance of witnesses.

██ The insurer did not have the express right to require the attendance of the assured at the trial, but had

the right to her assistance and co-operation. Finkle v. Western Automobile Ins. Co. et al., 224 Mo. App. 285, 26 S. W.2d 843. The insurer may have regarded her presence as counsel contends necessary to an adequate defense of the action, and to require co-operation to the extent of attendance at the trial would not be unreasonable. But it does not follow that assured breached the provisions of the contract. It appears without contradiction that she could not return for the trial at her own initial expense. If insurer deemed it impractical to take and offer her deposition, it could not reasonably insist upon her presence at the trial without tendering a sufficient amount to pay necessary expenses. We do not hold that an insured can in every instance insist on payment in advance of his expenses in attending a trial. Cf. Hoff v. St. Paul-Mercury Indemnity Co. of St. Paul, 2 Cir., 74 F.2d 689. But under the facts of the instant case, it cannot be said that assured violated the provisions of the policy requiring her co-operation and assistance.

The judgment appealed from is reversed and the court below is directed to enter judgment in favor of plaintiff.

All the Judges concur.