BRUINS, Respondent, v. ANDERSON et al., Appellants

(47 N. W.2d 493)

(File No. 9156. Opinion filed April 17, 1951)

Rehearing denied May 29, 1951

**Bailey, Voorhees, Woods & Fuller,** Sioux Falls, for garnishee Defendant and Appellant.

**Bogue & Masten,** Canton, for defendant judgment creditor and Respondent.

ROBERTS, J.  This action was brought by Albert Bruins to recover damages to his truck arising out of a collision with an automobile driven by defendant Clarence Anderson.  Defendant counterclaimed for damages to his automobile and for personal injuries and recovered judgment for $1,675 and costs.  The judgment being unsatisfied, defendant garnisheed the Maryland Casualty Company as insurer of the owner of the truck.  The garnishment issue was

tried to a jury which found for the judgment creditor and the granishee defendant has appealed.

There was in force and effect at the time of the accident a policy of insurance issued by the Maryland Casualty Company to plaintiff whereby he was indemnified against loss for liability imposed upon him by law because of bodily injuries or injury to or destruction of property if caused by accident and arising out of the ownership or use of the truck described in the policy. The insurer also agreed to defend against any claim or suit instituted against the assured on account of such injuries.

The policy has attached thereto an endorsement reading as follows: "It is agreed that such insurance * * * applies provided: 1. The regular and frequent use of the automobile is confined to the area within fifty mile radius of the limits of the city or town where the automobile is principally garaged as stated in the declarations; 2. No regular or frequent trips are made by the automobile to any locations beyond such radius".

The policy contained the following conditions:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Notice to any agent or knowledge possessed by any

agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company."

On the trial of the garnishment issue, appellant company asserted nonliability because of assured's failure to comply with the provisions of the policy. Appellant contends that the evidence shows that assured, after issuance of the policy and before the accident, made "regular and frequent use" of the truck outside of the fifty-mile limit prescribed in the policy; that he failed to give to the appellant notice of the accident and to forward suit papers as stipulated; and that appellant had not waived these requirements or estopped itself from asserting a breach thereof.

■ ■ If assured did not comply with the requirements of the policy, this would defeat recovery by respondent in the absence of waiver or estoppel. Appellant insurer has against the judgment creditor any defense it would have against the assured. Murphy v. Hopkins, 68 S.D. 494, 4 N.W.2d 801.

The assured had at the time another policy in the Providence Washington Insurance Company indemnifying him against loss resulting from collision. He procured this policy and the Maryland Casualty policy through E. W. Arth, a resident agent at Huron.

The record discloses that the accident occurred on August 1, 1948, about seven miles south of Sioux Falls, on U. S. Highway 77. Huron, Beadle County, South Dakota, was designated in the policy as the place where the truck would be "principally garaged". Plaintiff was more than fifty miles from such place at the time of the accident and testified that he made trips to Mitchell, a distance of fifty-three miles from Huron according to a highway map introduced in evidence by garnishee defendant, and also to Sioux Falls, which is a greater distance from Huron. He testified that such trips were "not many", and that more than ninety per cent of his trucking for hire was in and around Huron.

■ ■ It was the "regular and frequent" use of the truck outside of the fifty-mile radius that was forbidden under the terms of the policy as distinguished from its casual or incidental use. Kindred v. Pacific Auto. Ins. Co., 10 Cal.2d 463, 75 P.2d 69; Bandy v. East & West Ins. Co., Mo. App., 163 S.W.2d 350. We cannot say that the proof was such that the court should have ruled that liability was avoided by use of the truck in violation of the endorsement.

■ Nor do we think that the court below should have directed a verdict for the insurer on the ground of failure to comply with the provisions of the policy requiring notice of the accident and forwarding to appellant of process or other papers relating to an action against the assured. Plaintiff testified that he went to see E. W. Arth, the agent at Huron, on the morning after the accident and gave him an account of what had occurred and that the agent assured him "that he would take care of everything". It is admitted that a written report of the accident was prepared by E. W. Arth and was received at the office of Virgil F. Stegner, another resident agent of the Maryland Casualty Company at Sioux Falls, South Dakota, and the state agent for the Providence Washington Insurance Company. The report contained no reference to the Maryland Casualty Company policy and referred only to the number of the policy issued by the Providence Washington Insurance Company. It had been the custom of the two companies to issue combined policies, including liability coverage with the Maryland Casualty Company and physical damage or collision coverage with the other company, but after January 1, 1948, separate policies were written. On such policies, combined loss reports were sometimes used. Stegner testified that upon receipt of the written notice he sent a copy to the Providence Washington Insurance Company, but did not convey any of the information contained therein to the Maryland Casualty Company or its claim representative until commencement of the garnishment proceedings. The assured further testified that about a week after the accident Arth informed him that the Maryland Casualty Company denied liability because of a violation of the endorsement. Appellant asserts that the conversations between

assured and Arth related to the repair of the truck and the denial of liability on the part of the Providence Washington Insurance Company. The version that Arth had disclaimed liability on the part of the appellant is consistent with the content of a letter dated September 13, 1948, to the attorneys for respondent. He therein stated that he had been informed "that due to the fact that this truck was being operated out of a 50 mile radius of its principal garaging that no liability is being assumed by the company and therefore Mr. Bruins will have to assume his own damages". This was in reply to a letter of inquiry written prior to the commencement of the present action. The jury was warranted in believing that the two policies were in contemplation at the time of the conversations between Arth and assured and that there was a denial of liability under the terms of the policy issued by garnishee defendant.

■ ■ The general rules of waiver and estoppel apply in determining what acts will preclude an insurer from relying on the provisions of a liability policy respecting notice of accident and the forwarding of suit papers. 45 C.J.S., Insurance, § 1060. Waiver or estoppel, this court has repeatedly held, may preclude an insurer from raising objections as to the manner of furnishing proofs of loss and similar notices. Sawyer v. National Fire Ins. Co., 53 S.D. 228, 220 N.W. 503, 61 A.L.R. 306 and cases cited; Alderman v. N. Y. Underwriters' Ins. Co., 61 S.D. 284, 248 N.W. 261; Ziegler v. Ryan, 66 S.D. 491, 285 N.W. 875. In Orr v. National Fire Ins. Co., 52 S.D. 513, 219 N.W. 119, 120, it is said: "If the company denies liability for a loss, and refuses to pay it either for that or other reason, placing its refusal on a definite ground other than want of proofs of loss or a defect in their form or substance, it waives the right to insist on the failure to make a requisite proof as a defense to an action on the policy." Applying the rule to a policy of liability insurance, we hold that an insurer by denying liability on the ground that a policy does not cover an accident which caused loss to assured is precluded from resisting recovery on the ground of departure from provisions therein respecting notice and the forwarding of suit papers. Appellant argues that these provisions respecting notice and forward-

ing of papers were separate and distinct undertakings by assured. We concede that the provisions must be so regarded and treated, but we see no merit in a contention that they are not here on a parity with respect to denial of liability.

■ The prohibition in the policy against waiver unless endorsed thereon refers only to provisions and conditions constituting a part of the contract of insurance and is not applicable in determining questions as to waiver and estoppel in the case of notice or forwarding of process or other papers served upon assured. There are many authorities cited in support of this rule in annotations in 76 A.L.R. 23 and 123 A.L.R. 952.

■ ■ We then have the question of the authority of Arth as agent to bind the company. It is elementary that the authority of an insurance agent, as in the case of other agents, may be established by showing a course of conduct on his part knowingly permitted by his principal, through which he has the apparent power to accomplish those things which he undertakes to do, and ordinarily this is a question for determination of the jury or for the court as the trier of fact, if the case is tried without a jury. Enos v. St. Paul Fire & M. I. Co., 4 S.D. 639, 57 N.W. 919. A certificate of authority issued by the Commissioner of Insurance pursuant to the provisions of SDC 31.1301 was received in evidence. It recited that E. W. Arth was authorized to transact business of the company as its agent and contained the notation "resident agt." thereon. Resident agents under the provisions of SDC 31.1302 are classified as persons "who solicit insurance and countersign policies". It appears from the evidence that Arth took the application of Bruins for the policy and collected from him the premium and countersigned the policy. The evidence tends to show that Arth made out written reports of accidents including combined reports on policies written by appellant and the Providence Washington Company which were forwarded to Virgil F. Stegner, a representative of these companies at Sioux Falls. There is no evidence tending to show that appellant ever objected to this manner of reporting accidents.

■ In Fosmark v. Equitable Fire Ass'n, 23 S.D. 102, 120 N.W. 777, it is recognized that there is a diversity of opinion among the courts as to the authority which an agent must have in order to waive stipulations and conditions in a policy. 7 Cooley's Briefs on Insurance (2d ed.) 5966 et seq. This court in accord with Illinois and many other states has held that an agent having authority to solicit insurance, receive and forward applications, deliver policies and collect premiums is a general agent in the sense that his knowledge becomes the knowledge of the company and that he has prima facie authority to waive conditions as to notice and proof. Vesey v. Commercial Union Assur. Co., 18 S.D. 632, 101 N.W. 1074; Thomas v. Modern Brotherhood of America, 25 S.D. 632, 127 N.W. 572; Sawyer v. National Fire Ins. Co., supra; see also Citizens Ins. Co. v. Stoddard, 197 Ill. 330, 64 N.E. 355; Maltby v. Empire Auto Ins. Ass'n, 239 Ill.App. 532; St. Paul Fire & Marine Ins. Co. v. McElvaney, 175 Ark. 1170, 300 S.W. 448; Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S.W. 889; Lind v. State Auto. Mutual Ins. Ass'n, 128 Ohio St. 1, 190 N.E. 138; Pastucha v. Roth, 290 Mich. 1, 287 N.W. 355; Home Ins. Co. v. Jones, 231 Ala. 484, 165 S. 211; Virginia F. & M. Ins. Co. v. Richmond Mica Co., 102 Va. 429, 46 S.E. 463. An agent having authority to bind insurer by waiver of provisions respecting notice and forwarding of suit papers may waive such requirements by denying liability.

The evidence sufficiently supports the verdict, and no error is shown which would justify reversal.

The judgment is affirmed.

All the Judges concur.