Arthur F. SIGLER and Arthur F. Sigler as Special Administrator of the Estate of Vera Sigler, Deceased, Plaintiff and Appellant,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Robert Emery and XYZ Corporation, Garnishees and Appellees.

No. 12860.

Supreme Court of South Dakota.

Argued March 18, 1980.

Decided Nov. 19, 1980.

Charles H. Whiting of Whiting & Hagg, Rapid City, for plaintiff and appellant.

Thomas H. Barnes of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for garnishees and appellees.

HENDERSON, Justice.

## ACTION

This is an appeal involving a garnishment action by Arthur F. Sigler (appellant), individually and as special administrator of the estate of Vera Sigler, deceased, from an order of the trial court granting summary judgment in favor of St. Paul Fire & Marine Insurance Company, Robert Emery, and XYZ Corporation (appellees). The principal case is not on appeal. We affirm.

## FACTS

On March 29, 1975, Vera Sigler was injured in an automobile accident involving a vehicle owned by Thane, Inc., and driven by one of its employees. Vera Sigler and her husband, appellant, brought suit against Thane, Inc. and its employee (defendants) in August of 1975. On January 12, 1978, appellant and his wife stipulated with the defendants that judgment be entered for appellant and his wife in the amount of $35,000. It was further agreed between the parties that appellant and his wife would not execute a levy on any of the defendants' property, but rather seek collection from Milbank Mutual Insurance Company, St. Paul Fire & Marine Insurance Company, and New Underwood Insurance Agency. Vera Sigler died soon thereafter and appellant was appointed special administrator of her estate. Due to Vera Sigler's death, an amended agreement, similar to the agreement of January 12, 1978, was subsequently entered into between the defendants and appellant.

Judgments were entered against the defendants on October 3, 1978, and garnishment actions were commenced against appellees and Milbank Mutual Insurance Company. Appellee Robert Emery managed the New Underwood Insurance Agency

which was owned by appellee XYZ Corporation. New Underwood Insurance Agency was a general agency for appellee St. Paul Fire & Marine Insurance Company. Appellees filed disclosures under oath stating that they did not have possession or control of any property of the defendants nor were they in any way indebted to the defendants. In effect, appellees and Milbank Mutual Insurance Company denied the existence of any insurance policies issued by them covering defendants' vehicle at the time the accident occurred which caused Vera Sigler's injury. All appellees moved to dismiss appellant's garnishment proceedings for failure to state a claim upon which relief could be granted. On July 6, 1979, the trial court entered an order of summary judgment in favor of all appellees under authority of SDCL 15–6–12(b). Milbank Mutual Insurance Company moved for summary judgment which was granted by the trial court on July 6, 1979, from whence no appeal was taken.

On May 18, 1974, Kip Dunsmore, the president of Thane, Inc., applied to appellee Emery for insurance on a 1966 Ford pickup owned by Thane, Inc. A policy on this vehicle was thereafter issued by St. Paul Fire & Marine Company. Subsequently, the 1966 pickup was involved in an accident requiring extensive repairs and Dunsmore, on behalf of Thane, Inc., made a request to appellee that the vehicle no longer be insured. This was done. Dunsmore deposed that in October of 1974 he orally requested appellee Emery to reissue an insurance policy on the 1966 pickup, which had been repaired. Dunsmore also deposed that he had written and mailed a message to appellee Emery in October of 1974 stating that the 1966 pickup should be reinsured. Appellee Emery deposed that he never spoke with Dunsmore regarding any reissuance of an insurance policy on the 1966 pickup, nor had he seen the aforementioned message until approximately six months after the pickup collision with appellant and his wife. No policy was ever produced which showed the 1966 pickup was insured on the date of the accident. Consequently, it is disputed whether or not the 1966 pickup was insured by appellee St. Paul Fire & Marine Insurance Company when appellant's wife was injured.

## ISSUE

Did the trial court err in ordering summary judgment in favor of appellees so as to preclude them from being subjected to a garnishment action by appellant? We hold that it did not.

## DECISION

Garnishment actions in South Dakota are governed by SDCL Ch. 21–18. SDCL 21–18–1 states:

In any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property and before the time when it is returnable, any creditor shall be entitled to proceed by garnishment in any court having jurisdiction of the subject of the action, against any person, including the state and any municipal or public corporation, and including any corporation organized or authorized to be organized by or under the laws of any state or of the United States, which has the power to sue or be sued *who shall be indebted to or have any property, real or personal, in his possession or under his control belonging to such creditor's debtor,* in the cases, upon the conditions, and in the manner prescribed in this chapter. (Emphasis supplied.)

SDCL 21-18-14 states:

*No judgment shall be rendered upon a liability of the garnishee* arising by reason of any money or other thing owing from him to the defendant, *unless before judgment against the defendant it shall have become due absolutely and without depending on any future contingency;* but judgment may be given for any money or other thing owing after it shall have become due absolutely and without depending on any contingency. (Emphasis supplied.)

These statutes indicate that the following prerequisites are necessary before a garnishment action can occur: (1) the garnishee must be indebted to or have property in its possession or under its control belonging to a judgment debtor; or (2) the garnishee's liability to the judgment debtor must be absolute and without dependence on any future contingency. The question for our determination, then, is whether appellees have an absolute and noncontingent liability owing the judgment debtor, Thane, Inc.

In the past, this Court has strictly construed South Dakota's garnishment statutes. *See Schuler v. Johnson*, 63 S.D. 542, 261 N.W. 905 (1935); *Woodbine Savings Bank v. Yager*, 58 S.D. 542, 237 N.W. 761 (1931).

Appellant has cited several out-of-state cases supporting the proposition that garnishment is an appropriate procedure for the collection for damages from a judgment debtor's liability insurer. Upon closer examination, however, these authorities are not beneficially persuasive for appellant. In *Lajoie v. Central West Casualty Co.*, 228 Mo.App. 701, 71 S.W.2d 803 (1934), the court held that upon recovery for personal injury against one holding liability insurance, the insurer becomes the insured's "debtor" and is liable to garnishment by a judgment creditor. In *Lajoie*, however, the dispute focused upon the *scope* of the insurance policy; there was no question that the insurance policy was in existence, as exists in the case at bar. Similarly, in *Hinton v. Carmody*, 186 Wash. 242, 60 P.2d 1108 (1936), the *existence* of the liability insurance policy was not in issue. "Under a liability policy, the obligation to pay arises as soon as *liability against the insured is established*." Id. at 1111 (emphasis supplied). *Peninsula Insurance Company v. Houser*, 248 Md. 714, 238 A.2d 95 (1968), also cited by appellant, dealt with the extent of coverage a garnishee's insurance policy provided and not with the question of whether garnishment could be obtained on an insurer where a dispute exists as to the actual *existence* of insurance coverage. Appellant's reliance upon *Wilson v. Mar-*

*shall*, 277 Mich. 583, 269 N.W. 607 (1936), and *Glick v. State Automobile Ins. Ass'n*, 127 Neb. 350, 255 N.W. 57 (1934), is also misplaced. Both *Wilson* and *Glick* involved the primary issue of whether the judgment debtor is entitled to recover from the insurer garnishee under the terms of an *existing policy*.

Appellant's strongest authority, and the case which is extensively quoted from in his brief, is *Zimek v. Illinois Nat. Casualty Co.*, 370 Ill. 572, 19 N.E.2d 620 (1939). In *Zimek* the garnishee insurer claimed that it was not subject to garnishment because the judgment debtor's claim was contingent and unliquidated. The Illinois Supreme Court, in construing the applicable Illinois garnishment statute, found that a garnishment action was proper against the insurer despite the insurer's claim it was not liable to the judgment debtor. A close inspection of the facts, however, renders appellant's use of *Zimek* inappropriate. The denial of liability by the insurer in *Zimek* was based upon a provision in the insurance policy which only provided coverage to individuals using the vehicle with the permission of the insured. The insurer denied that the driver of the vehicle had the permission of the insured when the accident occurred. The actual *existence* of the insurance policy itself was *never* questioned. In reaching its decision, the *Zimek* court stated:

> A contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent upon some condition as yet unperformed. . . . Where the amount due may be ascertained by computation or *reference to the contract out of which the claim arises* it is a liquidated claim for purposes of garnishment. (Emphasis supplied.)

370 Ill. at 576, 19 N.E. at 623 (citations omitted). In the case at bar, the existence of an insurance policy is totally at issue. Appellant's claim is *contingent* upon that policy being in existence. The basic fact is that appellee's liability is dependent upon an as yet unperformed condition: the establishment, either through a lawsuit or other-

wise, of an absolute and noncontingent debt owing the judgment debtor from appellees.

 We agree with the Illinois Appellate Court when it stated: "The claim which [the judgment creditor] endeavors to assert against [the garnishee insurer] is predicated upon an alleged breach of duty owed by [the garnishee insurer], is at best contingent upon proof of the requisite breach thereof[.]" *Powell v. Prudence Mutual Casualty Co.*, 88 Ill.App.2d 343, 348, 232 N.E.2d 155, 158 (1967). Here, appellant's act of garnishment is predicated upon a showing that the judgment debtor's vehicle was in fact insured by appellees, hence, creating a noncontingent duty on the part of appellees to provide monetary restitution for the insured. The facts have not shown that such a duty exists. It should be noted, however, that our holding does not preclude the adjudication of liability an insurer–garnishee may have toward a judgment debtor under an existing policy. If an insurer–garnishee denies liability on the ground that a policy does not cover the accident which caused the loss, determination of liability between the insurer–garnishee and judgment debtor can occur in a garnishment proceeding brought by the judgment creditor. *Bruins v. Anderson*, 73 S.D. 620, 47 N.W.2d 493 (1951).

Appellant has brought a garnishment action based upon an alleged liability which, as the facts and noted authorities indicate, is neither liquidated nor free of contingency. We decline to allow appellees to be subjected to garnishment proceedings under these facts as we do not believe that the South Dakota garnishment statutes are intended to allow such a searching determination of liability.

The summary judgment of the trial court in favor of appellee is affirmed.

DUNN, MORGAN, and FOSHEIM, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

I would reverse the order granting summary judgment on the ground that the fact situation here is sufficiently analogous to the facts in *Bruins v. Anderson*, 73 S.D. 620, 47 N.W.2d 493 (1951), and *Murphy v. Hopkins*, 68 S.D. 494, 4 N.W.2d 801 (1942), to permit the use of the garnishment procedure. I do not agree that in the past this Court has strictly construed our garnishment statutes. In *Schuler v. Johnson*, 63 S.D. 542, 261 N.W. 905 (1935), and *Woodbine Sav. Bank v. Yager*, 58 S.D. 542, 237 N.W. 761 (1931), the Court was concerned about the fact that the liability of the garnishee–defendant to the judgment debtor depended upon a future contingency. In the instant case, there is no future contingency in the sense of any requirement that additional events occur. All of the events that would support a determination of liability on the part of the insurer have already occurred. The determination whether an insurance policy existed in the legal sense is no more of a contingency than the determination that was necessary to establish liability under an existing policy in the *Bruins* and *Murphy* cases, supra.