JAMES B. BROWN *vs.* GREAT AMERICAN INDEMNITY COMPANY.

Suffolk.   March 1, 1937. — July 3, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Insurance,* Motor vehicle liability. *Limitations, Statute of. Conflict of Laws. Res Judicata.*

The insured under a Massachusetts compulsory motor vehicle liability insurance policy, against whom a judgment for personal injuries occurring in Massachusetts had been obtained in an action in Rhode

Island, commenced after the expiration of the one year specified in the statute of limitations in force in Massachusetts but within the period of limitation allowed in Rhode Island, could maintain an action here against the insurer for indemnity.

A final decree dismissing a suit in equity, brought in another State by a judgment creditor against the judgment debtor and the debtor's insurer to reach and apply the proceeds of a motor vehicle liability insurance policy, did not bar on the ground of *res judicata* an action here by the judgment debtor against his insurer for indemnity under the policy.

CONTRACT. Writ in the Superior Court dated December 26, 1934.

The action was heard without a jury by *Brogna,* J., who found for the plaintiff in the sum of $6,406.68. Both parties alleged exceptions.

*S. P. Sears,* (*E. R. Langenbach* with him,) for the defendant.

*R. Spring,* (*F. G. Moulton* with him,) for the plaintiff.

LUMMUS, J. On January 10, 1930, while holding a Massachusetts compulsory motor vehicle liability insurance policy (G. L. [Ter. Ed.] c. 90, § 34A; *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535; *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 107) in the sum of $5,000, issued by the defendant, the plaintiff struck and injured one John I. Byron while operating the motor vehicle covered by the policy upon a highway in Massachusetts.

On January 19, 1931, more than one year after the injury and consequently after action in the courts of Massachusetts had become barred by the statute of limitations (St. 1925, c. 346, § 10, now contained in G. L. [Ter. Ed.] c. 260, § 4; *Melanson* v. *Smith,* 282 Mass. 85), but before the two years allowed for action by the Rhode Island statute of limitations had run (*Byron* v. *Great American Indemnity Co.* 54 R. I. 405, 407), Byron brought an action against the plaintiff in the Superior Court of Rhode Island, in which he recovered judgment for $9,000 damages on January 21, 1933, the judgment being entered as of October 30, 1931, the date of the verdict. See *Byron* v. *Brown,* 53 R. I. 91.

In March, 1933, Byron brought in the Superior Court

of Rhode Island a bill in equity against the present plaintiff and the defendant, to reach the proceeds of the insurance policy and apply them toward the satisfaction of the judgment. In that court a final decree was entered, ordering the defendant insurer to pay Byron the full amount of the policy, $5,000, with interest and costs. On appeal the Supreme Court of Rhode Island, on July 3, 1934, reversed the decree and ordered the court below to dismiss the bill. The court said, "The parties did not intend that the insurer would be liable for any judgment that might be obtained against the insured in an action commenced against him more than one year after the cause of action accrued. . . . It is unreasonable to suppose it [the General Court of Massachusetts] intended that the liability of the insurer would depend upon the statute of limitations of another state." *Byron* v. *Great American Indemnity Co.* 54 R. I. 405, 409.

The plaintiff, on December 26, 1934, brought this action of contract in the Superior Court of Massachusetts to recover the amount of the policy, $5,000, plus interest from October 30, 1931, the date of the Rhode Island judgment, and the costs taxed against the plaintiff in that judgment. Interest upon the judgment runs from its date. G. L. of R. I. (1923) § 5071. The insurer agreed to pay interest and costs, and these are not within the limit of $5,000 in the policy. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 437–438. It is immaterial that the plaintiff has not satisfied the judgment. G. L. (Ter. Ed.) c. 175, § 112. *Lorando* v. *Gethro*, 228 Mass. 181, 186, 189. *Kana* v. *Fishman*, 276 Mass. 206, 210. *Cormier* v. *Hudson*, 284 Mass. 231, 237 *et seq.* There was a finding for the plaintiff in the court below.

The limitation of time for action has been held in some instances to restrict the right and not merely the remedy. *Castaline* v. *Swardlick*, 264 Mass. 481, 483. *Bickford* v. *Furber*, 271 Mass. 94, 97. *Melnik* v. *Perwak*, 295 Mass. 512, 514. *Davis* v. *Mills*, 194 U. S. 451. *William Danzer & Co. Inc.* v. *Gulf & Ship Island Railroad*, 268 U. S. 633, 637. But an action for personal injuries covered by the

Massachusetts compulsory motor vehicle liability insurance law is not one of them. In *McLearn* v. *Hill*, 276 Mass. 519, 522, it was said, "The one year period fixed by the statute is not of the essence of the cause of action and a limitation upon the right. The statute is a mere restriction upon the remedy. It must be pleaded. If not pleaded, it is deemed to be waived." In certain cases of infancy (*De-Costa* v. *Ye Craftsman Studio Inc.* 278 Mass. 315) and of death of the insured (*Gallo* v. *Foley*, 296 Mass. 306; see also St. 1937, c. 406, §§ 2, 3), actions covered by the law in question may be brought after the expiration of one year, because of provisions of the statute of limitations held to qualify the general provision allowing only one year. See also *Ford* v. *Rogovin*, 289 Mass. 549, 553.

Although the dominant purpose of the Massachusetts compulsory motor vehicle liability insurance law, as has often been said, is the protection of persons injured by the negligent operation of motor vehicles upon the ways of the Commonwealth (*Wheeler* v. *O'Connell*, 297 Mass. 549), our statute shows no disregard of the interest of the insured to obtain the indemnity for which he pays. If judgment can be recovered against the insured in an action brought after the expiration of one year, the insurer should be held to indemnify him against the judgment unless the contrary plainly results from the statute or the policy. G. L. (Ter. Ed.) c. 90, § 34A, which the policy follows, provides broadly for indemnity "against loss by reason of the liability to pay damages to others for bodily injuries" arising out of motor vehicle accidents upon the ways of the Commonwealth.

The action of tort in the present case was maintainable in any jurisdiction in which the insured could be found and served with process. *Cormo* v. *Boston Bridge Works*, 205 Mass. 366, 368. *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438. *Nashua River Paper Co.* v. *Hammermill Paper Co.* 223 Mass. 8, 16. *Jackson* v. *Anthony*, 282 Mass. 540, 545. *Alaska Packers Association* v. *Industrial Accident Commission of California*, 294 U. S. 532, 545. It was governed by the statute of limitations of the forum,

which might allow a greater time than one year, as the Rhode Island statute did. *Byron* v. *Great American Indemnity Co.* 54 R. I. 405, 407, 408. *Clarke* v. *Pierce,* 215 Mass. 552, 553. *M'Elmoyle* v. *Cohen,* 13 Pet. 312. *Michigan Ins. Bank* v. *Eldred,* 130 U. S. 693. When judgment was obtained against the insured, though not in Massachusetts, the liability of the insurer became available to the insured and to the injured person as well. We are unable to follow *Byron* v. *Great American Indemnity Co.* 54 R. I. 405, in its construction of the Massachusetts statute.

That decision by the Supreme Court of Rhode Island did not adjudicate the controversy now before us. It is true that both the plaintiff and the defendant were parties defendant in the suit in Rhode Island. But they were not adversaries. There was no controversy between them. The present plaintiff was seeking no relief against the present defendant. Both were summoned to defend against Byron's attempt to reach the proceeds of the policy. The rights of the present plaintiff against the present defendant were not adjudicated, even though Byron, who in reason was in fully as favorable a position as the present plaintiff, was adjudged to have no rights against the present defendant. *Commonwealth* v. *Newton,* 186 Mass. 286. *Bluefields Steamship Co. Ltd.* v. *United Fruit Co.* 243 Fed. 1, 10. *Petition of L. Boyer's Sons Co.* 25 Fed. (2d) 602. *Pearlman* v. *Truppo,* 10 N. J. Misc. 477. *Snyder* v. *Marken,* 116 Wash. 270.

The result which we have reached makes immaterial the plaintiff's exceptions, and we treat them as waived.

*Plaintiff's exceptions waived.*
*Defendant's exceptions overruled.*