CLYDE A. GLEASON *vs.* HARDWARE MUTUAL CASUALTY COMPANY.

Berkshire.    September 20, 1949. — November 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Res Judicata.*

A decree, dismissing, as against the insurer in a motor vehicle liability policy, a suit in equity brought under G. L. (Ter. Ed.) c. 214, § 3 (10), against the insurer and the insured to reach and apply an alleged obligation of the insurer to the insured to satisfaction of a judgment recovered in an action of tort against the insured for damage sustained in an automobile accident, made the issue of the coverage of the policy res judicata and barred maintenance of a pending action of contract on the policy by the insured against the insurer, where it appeared that, as adversaries in the suit in equity, the insurer and the insured had in fact litigated the issue of coverage, and that the dismissal of the suit in equity as against the insurer was based on a finding of the court that the insured had failed to coöperate with the insurer as required by the policy; the fact that the pleadings in the suit in equity did not include cross pleadings specifically stating the insured and the insurer to be adversaries therein was immaterial.

CONTRACT. Writ in the Superior Court dated May 27, 1947.

A demurrer by the plaintiff to an amended answer of the defendant was overruled by *Burns, J.*

*L. S. Cain,* (*R. T. Capeless & R. A. Lewis* with him,) for the plaintiff.

*F. M. Myers,* for the defendant.

COUNIHAN, J.    This is an action of contract by an insured person against an insurance company on a motor vehicle liability policy.

Following an automobile accident on January 19, 1946, in the city of Pittsfield, an action of tort was brought by three guest occupants against the insured, and on May 26, 1947, judgments therein were rendered against the insured (the present plaintiff) in favor of Agatha Austin, William P. Cooper, and Corinne M. Cooper for $8,037.33, $502.33, and $502.33, respectively, plus costs of $22.15. That action was reached for trial on April 24, 1947, and a few days before that date the insurance company notified the insured that it was not going to defend him in the trial of said action, whereupon the insured engaged the services of personal counsel to represent him. By writ dated May 27, 1947, the insured began the present action to recover from the insurance company the sum of $6,339.31, being the amount of coverage in the policy, plus costs and legal expenses incurred by the insured in the defence of the former action.

While this present action was pending, one of the guest occupants, Agatha Austin, brought a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the insurance company to the insured, the judgment debtor, under the motor vehicle liability policy, and in this suit both the insurance company and the insured were joined as defendants. On April 5, 1948, the bill was dismissed as against the insurance company.

By its amended answer in the present action the defendant asserts that the "judgment" in the suit to reach and apply is "res adjudicata and determinative of all issues and matters involved in the instant case." The amended answer further alleges that "this court, finding that the plaintiff had failed to coöperate with the defendant as provided for in the policy of insurance, ordered the bill dismissed as regards the defendant." It further alleges "that in the bill to reach and apply brought by Agatha Austin et als against the plaintiff and the defendant the plaintiff and the defendant were adversaries as to their rights inter se and that the plaintiff as adversary to the defendant had an opportunity to litigate and did litigate the issue as to whether said policy afforded any coverage to

the plaintiff as to the results of the action of tort brought against the plaintiff by Agatha Austin et als for the accident described in the plaintiff's writ."

To this answer the plaintiff demurred on the following grounds: "While said answer contends that as a matter of law a certain 'judgment' is 'res adjudicata,' it fails to make the following necessary allegations of fact: 1. That the parties in this action were adversaries under the pleadings filed by each other in the . . . [suit in equity] as to their rights and liabilities inter se, or that the plaintiff herein admitted by default in the . . . [suit in equity] the allegations and denials of the defendant herein. 2. That there was at the trial of the . . . [suit in equity] an opportunity for the plaintiff herein to go forward to prove his allegations herein. 3. That a final decree was issued in the . . . [suit in equity] which, by its terms, adjudicated that the defendant herein is not liable to the plaintiff herein on the policy set forth in the declaration herein." The demurrer was overruled, and before further proceedings the case was entered here.

The manner by which this case comes here, although entitled a "certificate and order," is in effect a report provided for in G. L. (Ter. Ed.) c. 231, § 111, and it may be considered by us for what it is in substance and not from the title, name or description attached to it. *Boston* v. *Santosuosso,* 302 Mass. 169, 175–176. *Magee* v. *Flynn,* 245 Mass. 128, 130.

We consider first the first ground of the demurrer.

The pleadings in the suit in equity are not set forth, but the answer in the present action alleges that the parties, who were codefendants in the equity suit, were adversaries inter se and did litigate the issue of coverage which is set up as res judicata as to this action. It cannot be said as a matter of law that an answer in avoidance which sets up res judicata must allege that the parties were adversaries under the pleadings. "The doctrine of res judicata is a rule of public policy founded on the established principle that it is in the interest of the parties and for the public welfare that

litigation once decided on its merits should end." *Biggio v. Magee,* 272 Mass. 185, 188. *Browne v. Moran,* 300 Mass. 107, 111. The absence of cross pleadings will not prevent the matter being res judicata where it was litigated between codefendants, as here alleged. See Restatement: Judgments, § 82, comments a, b, and § 106, comment c; Freeman, Judgments (5th ed.) § 425. The case of *Brown v. Great American Indemnity Co.* 298 Mass. 101, relied on by the plaintiff, held that the parties to that action were not adversaries in the previous suit and that their rights as between themselves were not adjudicated therein. It does not establish that rights between codefendants cannot be determined in the absence of cross pleadings. *Niagara Fire Ins. Co. v. Lowell Trucking Corp.* 316 Mass. 652, 656, does not support the plaintiff's position. In *Commonwealth v. Newton,* 186 Mass. 286, 291, the issue raised in the second case was not raised or considered in the first case between the codefendants therein.

There are cases in other jurisdictions which indicate that a matter may become res judicata between parties who are codefendants in fact, although not by the form of the pleadings. *Ohio Casualty Ins. Co. v. Gordon,* 95 Fed. (2d) 605. *Wright v. Schick,* 134 Ohio St. 193. Both of these treat the problem of a suit by a person hurt in an accident, following a previous suit by another person injured in the same accident, wherein it had been decided that the insurance policy covered the accident. Although the insured and the insurance company were codefendants, the issue of policy coverage was held res judicata. In *Wright v. Schick* the case of *Brown v. Great American Indemnity Co.* was discussed and distinguished. See also *Ocean Accident & Guarantee Corp. Ltd. v. United States Fidelity & Guaranty Co.* 63 Ariz. 352, 357; *A. B. C. Fireproof Warehouse Co. v. Atchison, Topeka & Santa Fe Railway,* 122 Fed. (2d) 657. The decisions on this problem are not uniform. A case to the contrary is *Pearlman v. Truppo,* 10 N. J. Misc. 477 (cited but not discussed in *Brown v. Great American Indemnity Co.*).

The second ground of the demurrer is clearly negatived

by the allegation in the defendant's amended answer "that the plaintiff as adversary to the defendant had an opportunity to litigate and did litigate the issue as to whether said policy afforded any coverage to the plaintiff."

The third ground assigned in the demurrer is failure to allege that the final decree in the suit in equity in terms discharged the defendant insurance company of obligation to the insured, the present plaintiff. That contention cannot be accepted. The extent of res judicata is not limited to the words of the decree but extends to those matters actually litigated, and they may be shown by extrinsic evidence. *Bordonaro* v. *Vandenkerckhaven*, 322 Mass. 278, 282. *Foye* v. *Patch*, 132 Mass. 105, 109, 111, 113. See *Shelley* v. *Sentinel Life Ins. Co.* 146 Kans. 227, 231; Restatement: Judgments, § 68, comment k. It follows that the order overruling the demurrer to the answer was correct.

*Order overruling demurrer affirmed.*