CLYDE A. GLEASON *vs.* HARDWARE MUTUAL CASUALTY COMPANY.

Berkshire.   September 18, 1951. — May 28, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Res Judicata.*

A final decree, entered in a suit in equity by a judgment creditor of the insured under a motor vehicle liability policy against the insured and the insurer to reach and apply the proceeds of the policy to the satisfaction of the judgment, and dismissing the bill as against the insurer on the grounds that the insured had not coöperated with the insurer as required by the policy and that the insurer had not waived that requirement, did not bar on the ground of res judicata a pending action by the insured against the insurer for indemnity under the policy where it did not appear at the trial of the action that the insured and the insurer had been adversaries in the equity suit or that the issues of coöperation and waiver had been actually litigated between them therein.

CONTRACT.   Writ in the Superior Court dated May 27, 1947.

The action was tried before *Giles,* J.

*Lincoln S. Cain,* for the plaintiff.

*Frederick M. Meyers, Jr., (Frederick M. Meyers* with him,) for the defendant.

COUNIHAN, J.   This is an action of contract by the plaintiff, hereinafter called the insured, to recover from the defendant, an insurance company, hereinafter called the insurer, indemnification on a motor vehicle liability insurance policy. It was before us recently upon the report of a judge, G. L. (Ter. Ed.) c. 231, § 111, of his order overruling the

insured's demurrer to the amended answer of the insurer. We affirmed the order of the judge. *Gleason* v. *Hardware Mutual Casualty Co.* 324 Mass. 695. Thereafter it was tried before a judge and jury upon the sole issue of coverage. This issue embraced absence of coöperation and assistance as required by the terms of the policy and waiver of these requirements by the insurer. The action is here now upon the insured's exception to the allowance of the insurer's motion for a directed verdict.

Many of the facts leading up to the present controversy are set forth in the earlier opinion, but we think it well to summarize all of the facts now for a proper understanding of the issues here involved. They are substantially as follows: The insurer issued to the insured a Massachusetts compulsory motor vehicle liability policy which was in effect when the accident hereinafter referred to occurred. This policy included guest coverage and contained the usual provisions requiring the insured to furnish the insurer full information as to all the circumstances of the accident in which the automobile covered was involved and assistance and coöperation of the insured in the event any claims arose under the policy. On January 19, 1946, the insured while operating the automobile covered by the policy was in an accident upon a public way in Pittsfield. Three guest occupants were injured. On January 20, 1946, the insured made a report of the accident to the insurer on a form furnished by it. On January 28, 1946, he gave the insurer another written statement concerning the accident. Again on February 5, 1946, he gave it another written statement.

On April 23, 1946, the guests brought an action of tort against the insured to recover for injuries arising out of the accident. On July 15, 1946, one of the plaintiffs in the tort action in answer to interrogatories of the insured, filed by an attorney of the insurer who then represented the insured, stated that the insured had made an indecent assault upon her which in effect brought about the accident. On April 7, 1947, the insurer by letter advised the insured that its investigation disclosed that the accident did not happen as

he had informed it in his statements. On April 15, 1947, the insured gave a fourth statement to the insurer describing the circumstances of the accident as materially different from those described in his earlier statements and in effect corroborating the statements which were given in the answers to interrogatories. On April 16, 1947, the insurer by letter notified the insured that it disclaimed coverage because of the false information furnished it by the insured and because of his lack of coöperation. It further notified him that counsel provided by it would withdraw his appearance for the insured in the tort action. This was done on April 21, 1947, and the insured engaged new counsel. Trial of the tort action began on April 24, 1947, and judgments were recovered by all the guest occupants. Thereafter on May 27, 1947, the instant action was brought.

Before this action was reached for trial, the guest occupants brought a suit in equity under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply the proceeds of the policy. In that suit the insured and the insurer were joined as codefendants and service was made upon each of them. The insured failed to enter an appearance and the bill was taken pro confesso as to him. The insurer appeared and tried out the issues involved. The attorney who represented the insured in the tort action and who represents the insured in this action was present throughout the trial of the equity suit and at least as amicus curiae to some extent took part in that trial. The insured was a witness for the plaintiffs in that trial and was cross-examined by counsel for the insurer. The sole issues in the equity suit were coöperation of the insured as required by the policy and waiver of this requirement by the insurer. The judge there found as a fact that the first three statements given by the insured to the insurer were not true and that the fourth statement was true. He further found that the insured intentionally concealed the facts from the insurer, and that the insurer had seasonably reserved all of its rights under the policy and had so notified the insured. He ruled "that failure to tell the truth is not coöperation." A decree was

thereupon entered dismissing the bill as against the insurer. No appeal from this decree was ever perfected by the insured.

At the time of the entry of that decree this action was still pending. The insurer thereafter amended its answer in this action by alleging in substance that the judgment in the equity suit was "res adjudicata and determinative of all issues and matters involved in" this action. The insured's demurrer to the amended answer was overruled by a judge and, as we have said, the action of the judge was affirmed by this court.

This action thereafter went to trial. No oral testimony pertinent to the issues involved was offered. The evidence in substance consisted of the four written statements of the insured to the insurer, the answers to interrogatories of one of the plaintiffs in the tort action, the correspondence between the insurer and the insured, and part of the docket entries in the tort action. In addition there was in evidence a full transcript of the testimony and a record of all of the proceedings in the equity suit including a copy of the docket entries, the findings and ruling of the judge, and the final decree. No pleadings in that suit were in evidence.

We are of opinion that there was error in the allowance of the motion for a directed verdict for the defendant. The only question for determination is whether the judgment in the equity suit made res judicata as between the parties to this action the issues of coverage and waiver by the insurer. The answer to this question is found in *Brown* v. *Great American Indemnity Co.* 298 Mass. 101, where it was said at page 105: "It is true that both the plaintiff and the defendant were parties defendant in the suit in Rhode Island. But they were not adversaries. There was no controversy between them. The present plaintiff was seeking no relief against the present defendant. Both were summoned to defend against . . . [the tort plaintiff's] attempt to reach the proceeds of the policy. The rights of the present plaintiff against the present defendant were not adjudicated . . . ." Compare *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 84–85.

We are not troubled by what we said in the earlier decision in this case since the only question there decided was whether the answer of the defendant was good against a demurrer of the plaintiff. It was held good because it contained allegations that the insured and the insurer were adversaries in the equity suit and that the issues of coverage and waiver were actually litigated even if the answer contained no counterclaims in the equity suit. These allegations conceivably could have been true and so the demurrer was overruled. It now appears that at the trial of this action on the merits these allegations were not sustained so that what was said in the earlier decision becomes inapplicable.

The defendant relies upon *Saragan* v. *Bousquet*, 322 Mass. 14. But the principle there involved arose "under a rule of broad application that an indemnitor, after notice and an opportunity to defend, is bound by material facts established in an action against the indemnitee." *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449. That principle is inapplicable to the circumstances of the instant case.

The suggestion of the defendant in its brief that the bill of exceptions did not state that it set out all of the material evidence was cured by the filing of a stipulation with the approval of the judge.

*Exceptions sustained.*