ROBERT W. CROMPTON *vs.* LUMBERMENS MUTUAL CASUALTY COMPANY.

Suffolk.    December 9, 1954. — September 29, 1955.

Present: RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Insurance,* Motor vehicle liability insurance, Insured. *Contract,* parties.

The judgment debtor under an unpaid judgment for personal injuries sustained by a guest occupant riding in an automobile operated by the judgment debtor with the consent of its owner, to whom had been issued a policy of noncompulsory motor vehicle liability insurance on the automobile covering such injuries and defining the "insured" as including not only the owner as the named insured but also "any other person responsible for the operation of the . . . [automobile] with the . . . consent of the named insured," was not barred from maintaining an action of contract against the insurer for the amount of the judgment on the ground that the plaintiff was merely a third party beneficiary of the insurance contract who had paid no consideration for its benefits, was not a party to it, and had not relied upon it in operating the automobile.

CONTRACT.   Writ in the Superior Court dated July 29, 1953.

The action was heard by *Fairhurst, J.*, on demurrer.

*Frank G. Lichtenstein & Louis Barsky,* for the plaintiff, submitted a brief.

*David H. Fulton,* for the defendant.

RONAN, J.   This is an appeal by the plaintiff from an order sustaining a demurrer in an action of contract to recover the amount of an unpaid judgment against the plaintiff obtained by one Hansen for personal injuries sustained while riding as a guest occupant in an automobile operated by the plaintiff with the consent of its owner, the plaintiff's father, to whom the defendant had issued a liability policy which, it is alleged, covered the risk of the accident to Hansen.   The declaration further alleges that the plaintiff has complied with the various provisions of the policy, a copy of which is by reference made a part of the declaration, and that the defendant owes him the amount of the judgment.

The defendant issued a policy to the plaintiff's father, the owner of the automobile, complying with the compulsory automobile liability insurance law.  See G. L. (Ter. Ed.) c. 90, § 34A, as amended; c. 175, § 113A, as amended. The policy also contained in coverage B a provision "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury . . . sustained by any person . . . caused by accident and arising out of the ownership, maintenance or use of the motor vehicle."   Hansen was a person within the above provision.   The policy also defined the term "Insured" as employed in the above quotation as including the named insured and "any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured" with certain exceptions which have been negatived in the declaration.   We are of opinion that the declaration sufficiently sets forth

an occurrence resulting in an injury to Hansen on account of the operation of the automobile by the plaintiff with the consent of his father and so coming within the risks defined in the policy. See, for example, *Arnold* v. *Jacobs*, 316 Mass. 81, 83; *Sheehan* v. *Goriansky*, 321 Mass. 200, 201, where the insurer was held liable to pay a judgment for the death of a guest occupant resulting from the operation of the insured's automobile by one with the owner's permission and apparently for a purpose in which the named insured had no interest.

The company contends that the named insured was the only policy holder, that it is not alleged that the plaintiff paid any consideration as an additional insured, and that it is not alleged that the plaintiff or Hansen relied upon the policy in making the trip upon which the accident occurred.

The policy was not limited to indemnifying the named insured for damages caused by his operation of the motor vehicle or by one, like his servant or agent, for whose action he might be liable at common law, but it provided indemnity for those whose operation of the automobile with the consent of the named insured had caused injuries to others. At the time the policy was issued it might not have been convenient to name those who were included as the persons described who might use the automobile with the consent of the named insured. The privilege of selecting those who would be permitted by him to use his automobile and so would come within the protection afforded by the policy was left to the named insured. That was included in the policy for the issuance of which it may be assumed the full established rate was paid. Besides, there is nothing contained in the policy to show and no contention is made that the rate was to be increased if the coverage was extended to any person operating the automobile with the consent of the named insured. The policy, we think, covered the operation of the automobile by either the named or the described insured. The insurable event was the happening of an injury to another resulting from the

operation of the motor vehicle by either the father or his permittee. Perhaps it may be said, in a more or less remote sense, that the liability of the company under the coverage we are now considering ran with the automobile so long as it was operated by the named insured or by one with his consent. See *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133, 136.

We do not agree with the defendant's contention that the plaintiff is a third party beneficiary who paid no consideration for the protection which he contends was extended to him under the policy and therefore cannot maintain this action at law. It contends that there is no privity of contract between the plaintiff and the defendant. It relies upon the principle established by *Mellen* v. *Whipple*, 1 Gray, 317, with certain exceptions, which it says are not here applicable, that no action can be maintained by the beneficiary of a contract who is not a party thereto. In England where this doctrine has been rigidly enforced, an award has been upheld in favor of one to whom a policy was issued, and who was acting as a trustee for his sister, to reimburse her for damages assessed against her in actions by persons injured while she was driving the automobile "with the insured's general knowledge and consent" as provided by the policy. *Williams* v. *Baltic Ins. Association*, [1924] 2 K. B. 282. See also *Gale* v. *Motor Union Ins. Co.* 96 L. J. K. B. (N. S.) 199. The contention that there was no privity of contract between the insurer and the additional insured was rejected in *Wilson* v. *Marshall*, 277 Mich. 583. In that case, after pointing out that the previous decisions of that court resembling *Mellen* v. *Whipple*, 1 Gray, 317, and upon which the insurer relied, did not concern insurance policies, it stated (page 587), "Here we have involved a policy of insurance wherein is contained an 'omnibus clause' designating as additional assured or 'named assured' the 'owners and operators of hired trucks, . . . and/or independent contractors.' Marshall, the principal defendant [the described insured], comes within such designation, and is therefore within the coverage of the policy. The courts

of this country have with consistent unanimity upheld the right of such persons covered by an 'omnibus clause' in automobile insurance policies to the protection and benefits of such policy." In *Palmer Savings Bank* v. *Insurance Co. of North America,* 166 Mass. 189, it was held that a mortgagee could recover in an action of contract in its own name upon a policy of fire insurance procured by the mortgagor payable in case of loss to the plaintiff "mortgagee, as its interests may appear." There is nothing in the record indicating that the mortgagee paid any consideration to the insurer. The real contention in that case was not that the mortgagor did not procure the policy at his own expense but that the mortgagee was not a party to the contract of insurance. It is substantially the same contention as made here. It was there pointed out that the effect of such a policy was the same as if the mortgagor had taken out the policy in his own name and then with the consent of the insurer had assigned it to the mortgagee to the extent of its interest and that the debtor had promised to pay it to the assignee. It was said that "the assignee can sue in his own name, although no consideration for this promise moves directly from the promisee to the promisor" (page 196). In that case, the mortgagee was held to be a party to the contract of insurance and permitted to maintain an action at law in its own name. The contention of the insurer that the mortgagee was barred by *Mellen* v. *Whipple,* 1 Gray, 317, was rejected. See also *Swaine* v. *Teutonia Fire Ins. Co.* 222 Mass. 108, 110; *Finegan* v. *Prudential Ins. Co.* 300 Mass. 147, 154. In the *Palmer* case the mortgagee was specifically named while in the present case the additional insured was merely described, but we think he became identified and a party insured against the consequences of an accident coming within coverage B of the policy. See also *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575.

The coverage of the automobile extended to its use at the time of the accident and it was unnecessary to allege in the declaration that Hansen or the plaintiff knew of or relied upon the policy in travelling in the automobile. *Union*

*Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 232. *Scott* v. *Inter-Insurance Exchange,* 352 Ill. 572.

We think that, on the allegations contained in the declaration when read with the terms and conditions of the policy, the plaintiff upon the occurrence of the accident to Hansen was entitled to the same protection by virtue of the permissive use given to him by his father as the latter would have had if he had been operating the automobile at the time of the accident. *Lahti* v. *Southwestern Automobile Ins. Co.* 109 Cal. App. 163. *Century Indemnity Co.* v. *Norbut,* 117 N. J. Eq. 584, affirmed 120 N. J. Eq. 337. *MacClure* v. *Accident & Casualty Ins. Co.* 229 N. C. 305. *State Farm Mutual Automobile Ins. Co.* v. *Arghyris,* 189 Va. 913. Appleman, Insurance Law & Practice, § 4354. The plaintiff is entitled to be relieved from liability to pay the judgment recovered by Hansen to the same extent as if the action had been brought against the insurer by the named insured. Where the insured brought an action of contract against the insurer because of its failure to pay, up to the amount of the policy, judgments against the insured for personal injuries, the court in its opinion directed attention to what is now G. L. (Ter. Ed.) c. 175, § 112, eliminating any necessity for the payment of the judgments before the insured might bring an action on the policy, and remarked that "The company is not exposed to a double liability because of this statute." *Lunt* v. *Aetna Life Ins. Co.* 253 Mass. 610, 613. The demurrer in that case, however, was sustained because the declaration did not negative certain losses which were not covered by the policy. See also *Brown* v. *Great American Indemnity Co.* 298 Mass. 101; *Gleason* v. *Hardware Mutual Casualty Co.* 329 Mass. 56.

The defendant is not remediless since it may, if so advised, test the validity of Hansen's lien upon the proceeds of the insurance and show from facts other than those adjudicated in the action brought by Hansen against the plaintiff which was defended by the company that it has a defence under the guest coverage provision. *Miller* v. *United States*

*Fidelity & Guaranty Co.* 291 Mass. 445, 449. *Sweeney* v. *Frew,* 318 Mass. 595, 597.

It follows that the order sustaining the demurrer is reversed and an order is to be entered overruling the demurrer.

*So ordered.*