ROBERT W. CROMPTON *vs.* LUMBERMENS MUTUAL CASUALTY COMPANY.

Suffolk.    April 5, 1956. — May 22, 1956.

Present: WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Res Judicata.    Insurance,* Motor vehicle liability insurance.

The judgment debtor under an unpaid judgment for personal injuries sustained by a guest occupant riding in an automobile operated by the judgment debtor, who was a described insured under a policy of noncompulsory motor vehicle liability insurance issued to the owner of the automobile, was not barred on the ground of res judicata from maintaining an action of contract against the insurer on the policy by a prior final decree, based on failure of the judgment debtor to cooperate with the insurer as required by the policy, dismissing the bill in a suit in equity by the judgment creditor against the judgment debtor and the insurer to reach and apply the insurer's obligation under the policy to the satisfaction of the judgment where it appeared that the judgment debtor and the insurer had not been adversaries in the suit in equity.

CONTRACT.    Writ in the Superior Court dated July 29, 1953.

Following the decision by this court reported in 333 Mass. 160, there were further proceedings in the Superior Court before *Forte,* J., as described in the opinion.

The defendant's answer was as follows:

"The defendant denies each and every allegation in the plaintiff's writ and declaration contained.

"And further answering, the defendant says that this action is barred by reason of the following facts, viz.: —

"The action, although designated 'Robert W. Crompton v. Lumbermens Mutual Casualty Co.' is in truth and in fact initiated and controlled by attorneys for Albert E. Hansen . . . . Said Hansen is judgment creditor in an action [at law] of Hansen v. Crompton . . . .

"To enforce the alleged obligation of Lumbermens Mutual Casualty Co. to pay this judgment, said Hansen with the active coöperation of the plaintiff herein, Robert W. Crompton, brought and prosecuted a bill in equity . . . entitled Albert E. Hansen v. Robert W. Crompton et al.: one of the respondents therein was the present defendant.

"In said bill in equity it was alleged that the respondent Robert W. Crompton therein had a right of action against Lumbermens Mutual Casualty Co. under the identical policy of insurance upon which the present action at law is based and said Hansen sought to reach and apply to the satisfaction of his judgment said rights of said Crompton against said Lumbermens Mutual Casualty Co.

". . . a final decree was entered in [the suit in] equity . . . dismissing the bill, thereby adjudicating — as indicated by the court's findings of facts — that Robert W. Crompton had no enforceable rights against said Lumbermens Mutual Casualty Co. In the trial of said bill in equity, the present plaintiff testified for the complainant in equity and in all respects sought to sustain the contentions of the complainant therein.

"The present action, brought in the name of the plaintiff Crompton, constitutes but another attempt by the said Hansen to re-try the issues decided adversely to him in the equity suit. The plaintiff Crompton, moreover, by his conduct throughout the said equity procedure is bound by the decree entered therein and the present action is barred by said decree.

"If the action be not barred, then the defendant, if indeed it be obliged to so answer, says that the plaintiff did not coöperate with the defendant in the investigation of the occurrence in which Hansen sustained injury or in the preparation for the trial of the action [Hansen v. Crompton]

based thereon, but from and after the occurrence of the accident and down to and throughout the trial of [the action] Hansen v. Crompton . . . not only did not cooperate with the defendant, but sought to deceive and did deceive the defendant as to the true facts of the accident to the damage and disadvantage of the defendant and it is, therefore, inequitable that the plaintiff should recover in this case."

*Frank G. Lichtenstein & Louis Barsky,* for the plaintiff, submitted a brief.

*David H. Fulton,* for the defendant.

WHITTEMORE, J. The declaration in this case was upheld by this court on demurrer, 333 Mass. 160. We decided there that proceedings to recover under an automobile liability policy might be brought at law notwithstanding that the plaintiff against whom a judgment had been obtained, while within the definition of insured, was not the named insured with whom the insurer had directly contracted.

The case is now here on report from the Superior Court. The defendant, after our earlier decision, filed a motion for judgment under G. L. (Ter. Ed.) c. 231, § 59, as appearing in St. 1955, c. 674, § 1, with supporting affidavit. The plaintiff responded with an "affidavit of merit" and on the affidavits and in consideration of our earlier decision the judge in the Superior Court allowed the defendant's motion as a matter of law and reported the case.

The motion for judgment was erroneously allowed.

The motion presented the fact of a final decree in the Superior Court in a suit brought against the defendant, the insurer, by Albert A. Hansen, who held the judgment against the plaintiff, to reach and apply the defendant's obligation under the insurance policy. The answer had set up that decree. The case is controlled by *Gleason* v. *Hardware Mutual Casualty Co.* 329 Mass. 56, in which we held that the prior decree in the suit brought by the judgment holder, put in evidence at the trial, did not justify the

direction of a verdict for the defendant. The basis of the decree for the insurer in that suit, and in Hansen's suit, was that the insured had failed to coöperate with the insurer as required by the policy. In both equity suits the insured had been joined as a defendant, had not defended, and had permitted a decree pro confesso to be entered against him. On the authority of *Brown* v. *Great American Indemnity Co.* 298 Mass. 101, we held in the *Gleason* case that as the parties then before the court had not been adversaries in the equity suit, the decree therein did not make res judicata as between those parties the issues there tried for the first time.

In the motion the defendant prayed for judgment on the ground that "the right of the plaintiff to recover herein depends upon the validity of the lien, if any, which one Albert A. Hansen has upon the proceeds of the insurance . . . ," that this court had held that the defendant might "test the validity"[1] of that lien, and that it had already done so in the equity suit. This is not a syllogism demonstrating the defendant's right to judgment. Had we known that the Hansen suit had already been tried and disposed of, the language referred to would doubtless have been appropriately changed but the meaning is apparent and the principle is correct. The cases cited in the earlier opinion to the point made (*Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449, *Sweeney* v. *Frew*, 318 Mass. 595, 597) are two of the cases holding that the insurer in an action on the policy, though bound as to the facts determined in the action for negligence, may nevertheless defend on all other points necessary for recovery. The manifest right of the insurer to test the basis of the judgment holder's claim[2] (by defending a suit or action or by a proceeding for declaratory relief under G. L. [Ter. Ed.]

---

[1] The reference is to the earlier decision at page 940 where we said, "The defendant is not remediless since it may, if so advised, test the validity of Hansen's lien upon the proceeds of the insurance and show from facts other than those adjudicated in the action brought by Hansen against the plaintiff which was defended by the company that it has a defence under the guest coverage provision."

[2] Not strictly a "lien" in the sense of a property interest.

c. 231A to which both judgment holder and judgment defendant would be parties) does not mean that the right of the judgment defendant depends upon the validity of the judgment holder's claim. That claim, as the derivative right, *does* depend upon the judgment defendant's right to recover against the insurance company, but whether a particular determination that the latter right does not exist binds the judgment defendant turns on whether he was an adversary party to the determination.

The insurer objects to having to defend both a suit in equity and a subsequent action at law. That of course is not double liability as is suggested, even if the jury finds differently than did the judge. To avoid this result the defendant urges that we take note of certain allegedly distinguishing aspects of cases from other jurisdictions cited in our earlier decision (333 Mass. 160) and reverse that case. We are not disposed to do so. The issue was carefully considered and to any extent that the case constitutes an exception to *Mellen* v. *Whipple*, 1 Gray, 317, it so stands.

Forcing the judgment defendant into equity in those cases in which he is not the named insured, would not avoid two suits in the other cases, which may be the greater number, where the judgment defendant is the named insured who purchased the policy and who would not be barred from bringing an action at law even if the rule of *Mellen* v. *Whipple* were applied in the appropriate case.

It would appear that the insurer could avoid two suits by seeking declaratory relief, either in connection with pending proceedings against it or by a prior suit. G. L. (Ter. Ed.) c. 231A, § 6.[1]  See *Kentucky Package Store, Inc.* v. *Checani,* 331 Mass. 125, and *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 84–85. Compare *Rothberg* v. *Schmiedeskamp, ante,* 172. That the insurer would remain subject to a jury's determination of the principal issue of its liability to the

---

[1] Section 6 provides, "In an action at law or suit in equity . . . to obtain a judgment or other consequential relief, whether such judgment or relief is granted or not, the court may make a binding determination as provided in this chapter upon application of any party made in his declaration, bill, petition or answer."

judgment defendant on the insurance policy (G. L. [Ter. Ed.] c. 231A, § 1) is not an argument for deciding this case otherwise than in accordance with established principles.

The motion and supporting affidavit do not present as a ground for summary judgment the underlying facts found by the judge in Hansen's equity suit supporting his conclusion of lack of coöperation. We do not therefore have the question of whether, if such facts were stated as a ground for judgment and a genuine contest in regard thereto were not shown by the counter affidavit, judgment might be entered forthwith under G. L. (Ter. Ed.) c. 231, § 59, as appearing in St. 1955, c. 674, § 1. Compare *Gleason* v. *Hardware Mutual Casualty Co.* 331 Mass. 703.

The judge in the Superior Court denied a motion of the plaintiff to expunge from the defendant's answer the references to the equity suit. The motion should have been allowed for the reasons stated as to all save the last of the paragraphs following the words "And further answering, the defendant says that this action is barred by reason of the following facts, viz.: —" The first nineteen words of the last such paragraph should also be stricken.

The orders allowing the motion for judgment and denying the motion to expunge are reversed. Orders are to be entered denying the motion for judgment and allowing the motion to expunge to the extent hereinbefore indicated.

*So ordered.*