CAREY C. McKISSICK vs. THE TRAVELERS INSURANCE
COMPANY.

Worcester. March 5, 1958. — May 6, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Res Judicata. Insurance*, Motor vehicle liability insurance.

A finding, made in a suit in equity to reach and apply the obligation of
the insurer under a motor vehicle liability insurance policy to the
satisfaction of a judgment obtained by the plaintiff in an action against
one having the status of an unnamed insured under the policy for per-
sonal injuries resulting from such insured's operation of the automobile
covered thereby, that such insured had failed to comply with a co-
operation clause in the policy, did not make the matter of his coöpera-
tion res judicata in a subsequent action by him against the insurer on
the policy to recover the amount of the judgment where it appeared
that, although he had been a witness at the trial of the suit in equity,
he had not been a party to that suit.

CONTRACT. Writ in the Superior Court dated September
24, 1956.

A motion for judgment for the defendant was allowed by
*Meagher, J.*

*Charles W. Proctor*, for the plaintiff.

*Francis H. George*, for the defendant.

COUNIHAN, J. This is an action of contract brought
against the defendant to recover the amount of a judgment
in an action of tort against the plaintiff by David Williams,
a minor, for personal injuries caused by the negligence of
the plaintiff in the operation of an automobile owned by
Donald M. Williams, the father of David.

The defendant had issued a liability policy to Donald M.
Williams, hereinafter called the insured, and when the
accident happened the plaintiff in this action was operating
the automobile with the consent of the insured. The policy
covered the operation of the automobile by the insured

and any person who was operating it with his consent. *Crompton* v. *Lumbermens Mutual Casualty Co.* 333 Mass. 160, 162, 165.

In the present action the defendant filed a motion for judgment under G. L. c. 231, § 59, as appearing in St. 1955, c. 674, § 1, accompanied by an alleged supporting affidavit.[1] The plaintiff filed no counter affidavit. After hearing, the motion for judgment was allowed and the plaintiff excepted which brings the action before us. We are of opinion that there was error in the allowance of the motion for judgment.

The facts set out in the affidavit of the defendant, if it was a suitable one, are taken to be admitted for the purposes of the motion for judgment in the absence of a counter affidavit by the plaintiff. C. 231, § 59. See *Krantz* v. *John Hancock Mutual Life Ins. Co.* 335 Mass. 703.

In its answer in the case at bar the defendant by way of a petition for a declaratory judgment, G. L. c. 231A, § 6, sets out that after the judgment in the tort action David Williams, the plaintiff in that action, brought a bill in equity to reach and apply the proceeds of the policy issued by the defendant. The present plaintiff was not a party nor an adversary in the trial of that suit. He was called as a witness by David and testified on direct and cross-examination. After a hearing on that bill the judge filed a "memorandum of findings of fact" and an order for a decree dismissing that bill. The essential part of his findings upon which the defendant relies reads, "I find that the evidence given by McKissick and Donald M. Williams to the jury [in the tort action] was false, and that there was an intention to deceive in material matters. I find that the insurance company was highly prejudiced in its attempt to successfully defend the action. I find that both McKissick and Williams failed to coöperate with the insurance company and have violated the terms of the policy." The

---

[1] The important words in c. 231, § 59, are "Said motion may be accompanied by affidavits on *personal knowledge* (emphasis supplied) of admissible facts as to which it appears affirmatively that the affiants would be competent to testify."

decree dismissing that bill was affirmed by this court. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476.

Subsequently, as we have said, the defendant filed a motion for judgment accompanied by an affidavit solely based upon the findings of the judge in the equity suit.

The present plaintiff admittedly was not a party nor an adversary in the equity suit and the findings of the judge in that suit were not res judicata of the present action. No counter affidavit of the plaintiff could be filed because obviously the defendant correctly set out the findings of the judge in the suit.

Moreover the plaintiff in these circumstances was not obliged to file a counter affidavit because c. 231, § 59, requires that "Said motion may be accompanied by affidavits on personal knowledge of admissible facts as to which it appears affirmatively that the affiants would be competent to testify."

It is well settled in our jurisdiction that a bill in equity by an injured person to reach and apply the proceeds of an insurance policy is a separate proceeding from an action like the present one and is not res judicata as to it. *Brown* v. *Great American Indemnity Co.* 298 Mass. 101. *Gleason* v. *Hardware Mutual Casualty Co.* 324 Mass. 695, 699. *S. C.* 329 Mass. 56. *Crompton* v. *Lumbermens Mutual Casualty Co.* 334 Mass. 207.

Furthermore we are of opinion that the findings of the judge in the equity suit as such would not be admissible if the present action went to trial.

*Exceptions sustained.*