ARCHIE A. ROYCE & others *vs.* WILLIAM H. PALLATRONI & others (and a companion case). April 5, 1965. Pallatroni brought an action to recover from Royce on a note. Royce sought in equity an accounting from Pallatroni, treasurer of Pal-Roy, Inc. and B and E, Inc. Each corporation was joined as a defendant. The report of the master (also auditor) in the consolidated cases was confirmed. These appeals are from various interlocutory decrees and a final decree ordering payments by Pallatroni to each corporation and from the order for judgment for Royce in the action at law. 1. Although the pleadings in the equity suit did not present the issue whether a remedy was available within these dissolved corporations (cf. *Datz* v. *Keller,* 347 Mass. 766), the master's findings show that no such remedy was practicable. Royce and his wife owned only one half of the shares of Pal-Roy, Inc. Even litigation by a majority of the directors of B and E, Inc., owning more than one half of its shares, has not forced Pallatroni to produce proper corporate accounting records. 2. Neither the statute of limitations nor laches constituted a bar to claims based upon Pallatroni's failure to account for corporate funds, some of which had been mingled with his funds. Cf. *Newburgh* v. *Sterling Leather Co., ante,* p. 800. There were findings that the plaintiffs had "no knowledge . . . of the true facts" until this litigation and did not fail "to embrace opportunity to ascertain the true facts"; that Pallatroni fraudulently concealed corporate funds; and that delay in bringing suit caused no prejudice to any defendant. 3. Relief against Pallatroni is not prevented by the findings in *Kent* v. *Pallatroni,* 336

Mass. 640, in which neither corporation was a party.  The original papers do not establish that rights as between the then defendants, Royce and Pallatroni, were there conclusively litigated on an adversary basis.  See *Brown* v. *Great Am. Indem. Co.* 298 Mass. 101, 105.  See also *Gleason* v. *Hardware Mut. Cas. Co.* 324 Mass. 695, 697–698, *S. C.* 329 Mass. 56, 59–60.  4.  From his subsidiary findings the master could infer that Royce's note to Pallatroni had been assumed by Pal-Roy, Inc. and in effect paid in full from its funds in Pallatroni's hands.  The interlocutory decrees and the final decree in the equity case are affirmed with costs of appeal. In the law action the order for judgment for Royce is affirmed.

*Paul J. McCawley* for Pallatroni.

*Louis J. Ostric* for Royce & others.