## *Western District*

### FRANCES S. UNSWORTH

v.

### MARYLAND CASUALTY COMPANY

Argued: Dec. 2, 1965—Decided: Jan. 28, 1966

*Present*: Garvey, P.J., Levine & Allen, JJ.

Case tried to: *Cimini, J.* in the District Court of Northern Berkshire, No. 11234.

*Garvey, P.J.* In this cantract action the defendant's demurrer was sustained and the plaintiff claimed a report.

In her amended declaration, the plaintiff alleged that the defendant issued to William R. and Mary Louise O'Neil a Homeowners Insurance Policy;

"that under said policy of insurance....the defendant agreed to pay all reasonable expenses (limited to Five Hundred ($500.00) Dollars) incurred within one (1) year from the date of an accident for necessary medical, surgical, ambulance, and hospital services, to any person sustaining bodily injury caused by accident while on the premises of the insured with their permission or ways adjacent thereto";

that on or about January 2, 1964, while the policy was in full force and effect, and while on the premises with the permission of the O'Neils she was injured and incurred expense for medical treatment and hospital services in excess of Five Hundred ($500.00) Dollars, all within one (1) year of the date of the accident; that she seasonably filed a claim for the payment of Five Hundred ($500.00) Dollars, but the defendant has refused to pay.

That the declaration did not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action as required by G.L. c. 231, §7 is one of the grounds assigned by the defendant in support of its demurrer. We are of opinion that the declaration does comply with the statutory requirements. In *Damiano v. National Grange Mutual Liab. Co.,* 316 Mass. 626 it was held it is not necessary to set out a copy of an insurance policy or any part of it, it being sufficient if the legal effect is set forth. A declaration very similar in its averments to the one in issue was held good

against demurrer in *Crompton v. Lumbermans Mutual Casualty Company,* 333 Mass. 160.

■ The defendant urges as his other and principle ground for demurrer the application of the rule established in *Mellen v. Whipple,* 1 Gray 317, and generally followed in this Commonwealth since. There at page 321, the court said:

> "(T)hat a plaintiff, in an action on a simple contract, must be the person from whom the consideration of the contract actually moved, and that a stranger to the consideration cannot sue on the contract".

It is a matter of common knowledge that many insurance policies providing medical payments, so-called, (permitted in this Commonwealth by St. 1943, c. 375, §1, G.L. c. 175, §111c) are issued to a named insured who pays the premiums, (employer, motor vehicle owner, head of a household) that provide for the payment of reasonable medical expenses incurred as a result of sustaining accidental injuries to a large class of described but unnamed persons. The law does not, we think, leave one, such as the plaintiff, who alleges she is one of the class for whom coverage was intended in such a policy without a remedy.

■ The *Mellen* case admits of three exceptions not applicable here. Another exception has developed, by statute or decision, granting third party beneficiaries of insur-

ance policies named or unnamed, the right to sue in contract. G.L. c. 175, §111, provides:

> "The beneficiary under a policy of insurance against loss or damage from disease or by bodily injury or death by accident of the insured may maintain an action thereon in his own name". No case has been found, and none cited, as to the interuretation of this statute, in its application of the issue at hand. Professor Williston says it creates an exception to the Mellen rule and applies "to beneficiaries of health and accident insurance".

Williston on Contracts, Rev. Ed. §365, note 12. The plaintiff, though not named is, in our opinion, a beneficiary. See also "Third Party Beneficiaries" by Bernhard, Massachusetts Law Quarterly, Vol. XLIX, 159, 167. (June, 1964).

In *Crompton v. Lumbermans Mutual Casualty Co.,* 333 Mass. 160 it was held error to sustain a demurrer in a contract action against an insurance company brought by the son of a named insured in a compulsory motor vehicle policy where it was alleged he was operating the motor vehicle with his father's "expressed or implied consent". The policy also insured "any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured".

The court said at page 163,

> "We do not agree with the defendant's contention that the plaintiff is a third party beneficiary who paid no consideration for the protection

which he contends was extended to him under the policy and therefore cannot maintain this action at law. It contends that there is no privity of contract between the plaintiff and the defendant. It relies upon the principle established in *Mellen v. Whipple,* 1 Gray 317".

"The contention that there was no privity of contract between the insurer and the additional insured was rejected in *Wilson v. Marshall,* 277 Mich. 583. In that case, after pointing out that the previous decisions of that court resembling Mellen v. Whipple, and upon which the insurer relied, did not concern insurance policies, it stated, 'Here we have involved a policy of insurance wherein is contained an omnibus clause, designating as additional assured or named assured the owners and operators of hired trucks . . . and /or independant contractors. Marshall, the principal defendant (the described insured), comes within such designation and is therefore within the coverage of the policy'."

In *Palmer Savings Bank v. Insurance Company of North America,* 166 Mass. 189, it was held a mortgagee could recover in a contract action on a fire insurance policy procured and paid for by the mortgagor. And where an employer had taken out a group insurance policy providing for the payment of benefits to his disabled employees, it was held in *Shea v. Aetna Life Insurance Co.,* 292 Mass. 575, an employee, described but not named in the policy, could recover in a contract action against the insurance company.

*The order sustaining the demurrer is to be vacated.*

Bernard Lenhoff, of North Adams, for the plaintiff.

Donovan & O'Connor, of Adams, for the defendant.